## Crossman *versus* Penrose Ferry Bridge Company.

A false or fraudulent representation by an agent or commissioner appointed to obtain subscriptions to the stock of a company, will avoid the subscription; but an unperformed promise to procure stock for the subscriber in another company, or mistaken estimate of the contemplated improvement, will not have that effect.

A preliminary injunction by a court of competent jurisdiction, suspending the prosecution of the improvement to erect which the subscription was made, until the further order of the court, will not defeat an action for the recovery of the subscription by the company.

[Crossman *v.* Penrose Ferry Bridge Company.]

ERROR to the District Court of *Philadelphia*.

This was an action brought by the "Penrose Ferry Bridge Company" against George H. Crossman, to recover the amount of the latter's subscription to the capital stock of the company.

Pearson Serrill and thirteen others were named in the act incorporating the company, as commissioners, and authorized to receive subscriptions and organize the company.

On the 23d May, 1853, Crossman executed a letter of attorney authorizing Serrill to subscribe for him ten shares of stock, which was done, and $5 per share paid on the call of the directors.

On the 9th November, 1854, the Circuit Court of the United States, upon a bill filed, granted a preliminary injunction enjoining the company from proceeding with the erection of the bridge, until further order of the court. (See opinion of GRIER, J., 3 *Am. Law Reg.* 79.)

The defendant in the court below first entered a suggestion that the papers filed did not entitle the plaintiff to a judgment for want of an affidavit of defence. He afterwards filed an affidavit, in which he relied upon the misrepresentations made to him by Serrill when he authorized the subscription, and the injunction issued by the Circuit Court, and which are more fully stated in the opinion of his Honour Judge KNOX.

The court below entered judgment for want of a sufficient affidavit, and the damages were assessed at $249.47.

The defendant, Crossman, removed the cause to this court, and assigned for error that the court erred in entering judgment notwithstanding the affidavit filed.

*R. K. Scott* and *S. Hood*, for plaintiff in error.

*A. H. Smith*, for defendant in error.

The opinion of the court was delivered by

KNOX, J.—This action was brought by "The Penrose Ferry Bridge Company" against George H. Crossman, to recover the amount subscribed by the defendant to the capital stock of the company, plaintiff. Judgment was entered by the District Court for want of a sufficient affidavit of defence, to reverse which judgment this writ of error was taken.

Two errors are assigned,—"1. Because judgment was entered for the plaintiff below, notwithstanding the suggestion filed."

"2. Because judgment was entered for the plaintiff below, notwithstanding the affidavit of defence filed."

We do not understand, by the plaintiff in error's paper-book, that he relies upon the first assignment of error. It is clear that the copies of the instruments of writing, filed in pursuance of the rule of court, were of such a nature as to require an affidavit of

[Crossman *v.* Penrose Ferry Bridge Company.]

defence; and the only point of inquiry here is as to the sufficiency of the affidavit filed.

We will consider the grounds of defence in the order in which they are stated in the affidavit. It is alleged that the defendant was induced to make the subscription by the representation of Mr. Serrill, to whom he gave the power of attorney, and who represented himself as one of the commissioners to procure subscriptions—" that the proposed bridge was to be connected with Broad street by a plank-road, and that he would secure him (the deponent) ten shares of stock therein, which was said to be profitable and a good investment; and that the cost of the bridge would not exceed $9000 or $10,000." It is further alleged that no stock in the plank-road has been tendered to the defendant, and the contract price of the bridge was from $14,000 to $15,000.

It is unquestionably true that, where one is induced to make a subscription to the capital stock of a company by fraudulent representations or false statements of an agent of the company or commissioner appointed to obtain subscriptions, the contract may be avoided by the subscriber; but a mere promise by the agent to procure stock for the subscriber in another company will not have this effect, nor will a mistaken estimate of the probable cost of the improvement.

The affidavit further alleges that the deponent "is informed, and believes, that an injunction has been issued by the United States court, restraining the plaintiffs from erecting the proposed bridge across the river Schuylkill; and that the injunction is still pending, and in force." A copy of the injunction is furnished us in the plaintiff's paper-book, from which it appears not to be an injunction founded upon a final hearing, but a temporary or special injunction to continue until the further order of the court. The case is still pending in the Circuit Court of the United States for the Eastern District of Pennsylvania, and what its final result may be cannot now be told.

An interlocutory order made upon a preliminary hearing, even by a court of competent jurisdiction, does not establish that the erection of the proposed bridge would be unlawful, nor that the contract of subscription to the company's stock was illegal. But, even upon the supposition that the cause will be ultimately decided against the company, the subscriptions to the capital stock, for aught that appears upon this record, should be paid, so that the expenses of the controversy, as well as the charges necessarily attendant upon the organization of the company, may be borne equally by the stockholders, and the residue of the capital stock divided amongst the stockholders.

It is unnecessary to notice the grounds of defence taken in the argument, but not appearing upon the face of the affidavit, or upon the copies of the documents filed by the plaintiff.

Judgment affirmed.