## Edward A. Blanton, Jr., to use of George C. Howard, *v.* S. Norris Craven, Appellant.

*Affidavit of defense—Partnership—Sale—Mistake.*

In an action to recover the price of an interest in a partnership sold by plaintiff to defendant where it appears that the defendant and plaintiff had been partners for nearly a year, an affidavit of defense is too vague and indefinite which merely avers that the inventory furnished by plaintiff to defendant before the sale contained false valuations, without specifying the particular items which were falsely valued; that plaintiff had falsely represented that he had several orders, but defendant upon inquiry found that no such orders had been given, and that the terms of unfinished contracts had not been properly disclosed to defendant by plaintiff.

Argued Jan. 15, 1896.   Appeal, No. 139, July T., 1895, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1895, No. 296, for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit on written agreement to recover the price of a partnership interest sold by plaintiff, one partner, to defendant, the other.

Rule for judgment for want of a sufficient affidavit of defense. The affidavit of defense was as follows:

It is true that defendant and the said Edward A. Blanton, Jr., the legal plaintiff in this cause, were partners, trading as The Howard Foundry & Machine Works, before the execution of the agreement set forth in plaintiff's statement of the case, but only for a few months.

Shortly before the execution of said agreement, the said plaintiff, Blanton, proposed to sell this defendant his, the plaintiff's,

interest in the business, which consisted of stock, machinery, drawings, patterns, orders, unfinished work and accounts, but this defendant having been a partner for so short a time, and having no connection with the business part of the firm, his duties confining him to the drafting room, the defendant knew very little about the value and amount of the assets of the firm, which, by the very nature of them, could not be ascertained at the time, and the defendant proposed that he should have time to discover the value of the unfinished work, and the orders and accounts especially, in order to arrive at a just and equitable value of the assets of the firm. But the said plaintiff, Blanton, declined this proposal, and declared to this defendant that the said plaintiff had been in business for a long time, and knew the values of all the assets, and would give him a correct inventory thereof with the proper values. The defendant assented to this proposal, but only upon condition that the inventory and values of the assets should subsequently be found to be correct. The said plaintiff, Blanton, then valued his share of the assets of the said firm at the sum of five thousand five hundred dollars ($5,500), and at the same time informed this defendant that he was anxious to leave Philadelphia, and asked this defendant to execute the agreement referred to in the plaintiff's statement of case. The defendant then and there informed the said plaintiff that in order to accommodate him he would execute the said agreement, only upon condition that the inventory made by the said plaintiff was a true one, and upon condition that the values put upon the assets of the firm should subsequently prove to be just and true ; and the defendant further says that it was upon the representation made by the plaintiff that the inventory made by the plaintiff and the values put upon the assets of the firm were just and true, that he was induced to execute said agreement and to pay the said $2,000 on account thereof, otherwise he would have never entered into said agreement.

The defendant further says that the valuation put upon the said assets by said Blanton, plaintiff, were false. That the representations of the plaintiff in regard to the unfinished work and contracts on hand were largely false. That before the said contract was executed said plaintiff, Blanton, told this defendant that he positively had an order to build an electric elevator for

the Hotel Imperial at Atlantic City, which would amount to $1,430, and which representation was one of the inducements which led this defendant to execute said agreement. Subsequently, that is, after the execution of said agreement, this defendant, pursuant to Blanton's representation, went to Atlantic City to have the said order put into the shape of a formal contract, but, to this defendant's great surprise, he was informed that no such order was ever given to said plaintiff, Blanton. The said plaintiff, Blanton, also represented to this defendant that he had an order from John Q. Manard for four power machines, whereas, as a matter of fact, the order was only for two machines.

The defendant further says that the trial balance made out by the said plaintiff, Blanton, showing stock on hand valued at $8,500, was not correct, but that taking everything at its full cost price, the valuation proved to be only $7,485.02. That the machinery and tools, which were valued by the said plaintiff, Blanton, in his inventory, at $5,800, were actually worth only $4,665.94. Unfinished orders which said plaintiff, Blanton, represented to be worth $2,929.62, were found to be worth, at a correct valuation, only $2,765. That the terms of the contracts for unfinished work made by plaintiff, Blanton, with different parties, were not properly disclosed to this defendant at the time of the execution of said agreement, but having assumed them the said defendant was obliged to execute them at considerable loss to himself, particularly in the case of the contract made with Messrs. Wrenn & Sons. That had the true nature of said contracts been made known to said defendant, he would not have assumed them.

In the contract with Messrs. Wrenn & Sons, the said plaintiff, Blanton, agreed with them to replace any machine made by him, if not satisfactory to them, with any kind of machine that said Wrenn & Sons might choose; this gave to said Wrenn the right to select machines of a kind not manufactured by plaintiff, Blanton, or this defendant. This, the defendant says, is contrary to all custom, and ruinous to business; that the said machine did not prove satisfactory to said Wrenn & Sons, and the defendant was obliged to make good said contract at a great loss to himself.

The defendant further says that shortly after the execution

of said agreement, the said plaintiff, Blanton, left the city of Philadelphia and went to Africa, where he now resides, and has resided ever since. Defendant never knew until this suit was brought that said plaintiff had assigned said contract, as collateral security, to his father-in-law, the use plaintiff.

The defendant further says that when he discovered all the facts herein, he wrote to said Blanton at his residence in Africa, and refused to pay the amount of interest sued for, and informed him that the representations made by him at the time the said agreement was entered into, as to the valuation of the assets of The Howard Foundry and Machine Works, were false and unjust.

The defendant further says that all that is justly due the plaintiff in addition to the $2,000 paid on account is the sum of $1,743.78, upon which the defendant is willing and ready to pay interest.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Joseph Mellors*, for appellant.—A motion for judgment for want of a sufficient affidavit of defense is in the nature of a demurrer. It admits the existence of the facts averred, and denies their sufficiency as an answer to the claim: Hick's Admr. v. National Bank, 168 Pa. 638.

When facts sworn to in an affidavit of defense constitute fraud parol evidence is admissible under all the cases, to vary the terms of a written contract: Barclay v. Wainwright, 86 Pa. 191; Mahaffey v. Ferguson, 156 Pa. 156; Brotherton v. Reynolds, 164 Pa. 134.

*A. Lewis Smith*, for appellee.—Where the means of knowledge are equally open to purchaser and seller, the purchaser is charged with knowledge of all that he could have ascertained by the use of such means even if there has been misrepresentation by the vendor: Mahaffey v. Ferguson, 156 Pa. 156.

PER CURIAM, January 27, 1896:

We are not convinced that there was any error in entering judgment against the defendant for want of a sufficient affidavit.

In view of the nature of the business relation that existed be-
tween the legal plaintiff and the defendant as partners, etc., and
the circumstances which led to the execution of the agreement
on which this action is based, the averments relied on by the
defendant are too vague and indefinite to have justified the
court in sending the case to a jury.

Judgment affirmed.