# Bristol Iron & Steel Company, to the use of Comly B. Shoemaker, Receiver, *v.* Edward Selliez, Appellant.

*Corporation—Stock subscription—Affidavit of defense—Misconduct of directors.*

In an action to recover the subscription to the stock of a corporation, an affidavit of defense is insufficient to prevent judgment, which avers that the directors of the corporation released certain other subscribers to the stock specifically named, and that the directors had fraudulently and wastefully managed the corporate affairs.

Argued March 26, 1896. Appeal, No. 1, Jan. T., 1896, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1895, No. 106, making absolute rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The record showed that the suit was brought on a promissory note for $1,000 given for a subscription to the stock of the Bristol Iron & Steel Company.

The affidavit of defense was as follows :

Deponent says that he was not, at the time of making said promissory note, and is not now indebted to the plaintiff in any sum whatever, by virtue of said contract of subscription by reason of the facts hereinafter stated, which said facts have come to the knowledge of the deponent since the making and delivery of said note to the said Bristol Iron & Steel Company, and of which he had no knowledge whatever at the time of making said note. This deponent did agree to subscribe for and take 25 shares of stock of the corporation plaintiff. The contract signed by the various subscribers is in the possession of the plaintiff, and the defendant has no access thereto, and for that reason is unable to attach a copy thereof to this affidavit. The said contract of subscription when complete and delivered to the plaintiff contained the names and contract of subscription of several parties whose names are erased upon the contract as filed of record.

For instance, on the original contract, which contained defendant's name and contract of subscription, Theodore Kitchen

was a subscriber for 50 shares, amounting to $5,000. His name is stricken off from the contract sued on. Theodore C. Patterson was a subscriber with the defendant for 100 shares of the capital stock of said company, amounting to $10,000; his name and subscription are erased from the contract as filed. George T. Barnes was a subscriber with the defendant for 50 shares, amounting to $5,000; his subscription on the paper filed is stricken out. The Virginia, Tennessee & Carolina Steel & Iron Company subscribed for 500 shares, amounting to $50,000. On the paper filed that subscription has been erased and a subscription of 250 shares amounting to $25,000 entered in lieu thereof. The South Atlantic & Ohio Railroad Company, a common carrier, has been substituted, on the contract now filed of record for 250 shares, amounting to $25,000, of the said 500 shares, originally subscribed by the Virginia, Tennessee & Carolina Steel & Iron Company.

Deponent further says that the subscription of the Virginia, Tennessee & Carolina Steel & Iron Company was a valid subscription of a corporation authorized to subscribe for stock of this character, and the subscription of the South Atlantic & Ohio Railroad Company for one half of said valid subscription is a subscription by a corporation chartered as a common carrier, having no right whatever to subscribe for, or purchase, or own stock in a manufacturing corporation, and said subscription is ultra vires and void. Deponent says he agreed to take and pay for 25 shares of stock in consideration of the fact that other parties known to him to be pecuniarily responsible had agreed to take and pay for a large number of shares, and that many of these subscribers have not paid for their stock, and the board of directors of said corporation have released the said subscribers above named from their contract of subscription without the knowledge or consent of deponent and the consent of the stockholders of said corporation.

Deponent is advised by counsel and believes that, if he is liable for unpaid installments on his contract of subscription, he is liable in the manner and form in which he subscribed, and not upon a contract altered and mutilated by plaintiff without his consent.

The alteration and cancellation of subscription by the corporation in this case, as above pointed out, reduces the liability of

deponent's co-contractors $45,000 to deponent's injury as a subscriber and stockholder.

Deponent further says that the board of directors and the receiver of said corporation plaintiff refused to take any proceeding against said parties whose names are stricken off for the collection of their subscriptions.

Deponent further says the contract of subscription to the stock of the corporation contemplated the construction of a furnace for the manufacture of iron at the city of Bristol, Va., under the following conditions:

The Virginia, Tennessee & Carolina Iron & Steel Company was the owner of a large piece of land adjacent to the city of Bristol, Va., purchased as one of the conditions and inducements under which this deponent subscribed to the capital stock of said corporation. That the said Virginia, Tennessee & Carolina Iron & Steel Company would donate to the furnace company thereafter to be organized twenty-five acres of land for the uses of said furnace company as a furnace site, and that it would convey an undivided one quarter interest in certain lands to be set apart to a corporation or company to be known as the Bristol Land Company, and that the said Virginia, Tennessee & Carolina Iron & Steel Company would subscribe and pay for $50,000 of the capital stock of said furnace company upon like terms and conditions, as did other subscribers to said furnace company's stock, by their said subscriptions. The furnace contracted to be built by the said Bristol Iron & Steel Company was, by the terms of this contract with the builders of the furnace, to cost the sum of $224,000. The subscribers to the capital stock of the Bristol Iron & Steel Company paid into the treasury of said corporation in cash a sum exceeding $231,000. The Virginia, Tennessee & Carolina Iron & Steel Company adjusted the subscription subsidy or bonus to be contributed to the Bristol Iron & Steel Company by the Bristol Land Company, so that instead of conveying an undivided one fourth interest in the lands of said Bristol Land Company there were executed and delivered to the said Bristol Iron & Steel Company, or to a trustee, for its use and benefit, $100,000 of the four per cent bonds of said Bristol Land Company, which said bonds had an appreciable market value of say sixty per cent; so that there was actually paid in cash, by stock sub-

scribed, and in bonus and donations to said Bristol Iron & Steel Company, sums aggregating and exceeding $300,000; and upon the ascertained insolvency of said corporation by the courts of Virginia having jurisdiction of the action brought to administer the estate of said corporation, it was ascertained that the unpaid liabilities of said Bristol Iron & Steel Company amounted approximately to the sum of $150,000.

In the erection of said furnace and in the operation of the furnace for thirty days after erection, there was a gross misappropriation of the funds of the corporation and a waste of its proper assets in such a manner as that the investments of the shareholders became valueless. This deponent is satisfied that any further contributions made by him to the funds of said corporation will be wasted in like manner, and refuses to pay any further assessments levied upon his subscription for stock.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Robert Alexander*, of *Alexander & Magill*, for appellant.—The affidavit of defense was sufficient: McCully v. R. R., 32 Pa. 25; Spellier Electric Time Co. v. Leedom, 149 Pa. 185.

The fact that a note was here given for the stock assessment does not alter the situation because the facts set up as a defense were discovered after the giving of the note, and the note never passed out of the hands of the original parties for value, and a receiver is given no authority to change the contractual rights between the parties to the note: 23 Am. & Eng. Ency. of Law, 827; Beach on Receivers, 610; High on Receivers, 249.

*James Collins Jones*, *Lewin W. Barringer* with him, for appellee.—The misconduct of the directors cannot operate to destroy the perfect obligation resting on the defendant to pay his note representing the balance due on his stock subscription: Cook on Stock and Stockholders, sec. 188.

The subscribers named in the affidavit of defense could not have been released by the board of directors without the consent of the defendant and the other stockholders of the corporation. If the board made any such attempt it must have been

wholly ineffectual: Cook on Stock and Stockholders, sec. 169; 191; Ollesheimer v. Thompson Mfg. Co., 44 Mo. App. 172; Burke v. Smith, 16 Wall. 390; Bedford R. R. v. Bowser, 48 Pa. 29; Upton v. Tribilcock, 91 U. S. 45; Morawetz on Private Corp. 117; Fey v. Peoria Watch Co., 32 Ill. App. 618.

The case of McCully v. The Pittsburg and Connellsville R. R., 32 Pa. 25, relied upon by the defendant, falls very far short of sustaining his position. The substantial defense in this case was that the corporate enterprise had been abandoned.

The case of Spellier Electric Time Co. v. Leedom, 149 Pa. 185, clearly has no application. There is no question in the case at bar as to the validity of the charter of the Bristol Iron & Steel Company. Nor is there anything on the record to show that the capital named in the original subscription contract has not been raised.

There is nothing in the affidavit of defense to show that the defendant took any steps to repudiate his note until after this suit was brought, when the insolvency of the company rendered it necessary that the amount due on its stock should be collected to pay its debts: Cook on Stock and Stockholders, sec. 154; Howard v. Turner, 155 Pa. 349.

PER CURIAM, April 6, 1896:

The learned court was clearly right in entering judgment against the defendant for want of a sufficient affidavit of defense. There is nothing in either of the assignments of error that requires discussion.

Judgment affirmed.