# Acetylene Light, Heat & Power Company *v.* Charles Beck, Appellant.

*Practice, C. P.—Insufficient affidavit—Subscription to stock—Alleged inducing promises.*

An affidavit is insufficient which sets up alleged unfulfilled promises and unrealized expectations as a defense to clearly expressed obligations of a written contract.

In a suit on a sealed contract to recover a subscription to stock, in terms an unqualified agreement to pay fifty per centum of the price down and the balance as called for by the corporation, the affidavit of defense held insufficient which rested the defense on certain alleged parol promises upon which the subscription was induced and which had not been fulfilled. *Held*, insufficient also in that it did not allege that the promises were omitted from the written contract by fraud, accident or mistake, that part of the written contract itself had been violated, that it did not specify wherein the alleged promises were false or fraudulent, or state any specific loss.

Argued Dec. 15, 1897.   Appeal, No. 140, Oct. T., 1897, by

defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1897, No. 237, for want of a sufficient affidavit of defense.  Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.  Affirmed.

Assumpsit to recover unpaid subscription to stock.

Plaintiff's statement set out an agreement under seal whereby the defendant subscribed to eighty shares of the capital stock of the plaintiff company, agreeing to pay fifty per centum at the time of signing the agreement and to pay the additional fifty per centum when and as the same shall be called by the board of directors of the corporation.

Subsequent to the payment of the original fifty per centum an assessment of ten per cent on the stock had been called and paid for by the defendant, and subsequently the assessment, which is the subject of the suit in controversy, was made on April 20, 1896, which the defendant refused to pay.

Defendant in his affidavit of defense alleged that the subscription was obtained by reason of false and fraudulent statements made by the officers of the company at the time said subscription was solicited and obtained.  That the company agreed to supply deponent with gas and failed to do so, that access to the books of the company is denied the stockholders; that the officers control a large majority of the stock which they voted to themselves, and have passed a by-law whereby said officers continue to elect themselves to office; that after the defendant subscribed, the officers of the company issued another million dollars' worth of stock which they claimed was used to pay for the right to use said gas within a circuit of ten miles of the city hall in Philadelphia, which is not as great a territory as is covered by the county of Philadelphia, in which it was alleged the right of territory had been secured; that the company had squandered large sums of money in experimental work and that up to the present time had failed to manufacture and introduce a marketable gas, and that defendant believed the company to be absolutely insolvent and unable to carry out any of the representations made by it to induce subscriptions to its stock.

Judgment for plaintiff for $400, with interest from October, 1, 1896.  Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Edwin O. Michener*, for appellant.—It is well recognized in Pennsylvania that any false or fraudulent statements made by officers of the company, to induce subscriptions to its stock,, are a good defense in a suit brought by the company, although they would not be a good defense in a suit brought by a receiver. Among the later cases upon this subject are Ins. Co. v. Humble, 100 Pa. 495; Dettra v. Kestner, 147 Pa. 566.

*Harry B. Gill*, with him *Read & Pettit*, for appellee.

OPINION BY SMITH, J., February 19, 1898:

In this action, brought on a contract of subscription to stock, a judgment was entered for the plaintiff for want of a sufficient affidavit of defense. The subscription of the defendant was in writing, under his hand and seal, and in law is an ordinary contract: Railroad v. Graham, 36 Pa. 77. And with reference to other subscribers, it is a trilateral contract: Railroad v. Conway, 177 Pa. 364. In terms, it is an unqualified agreement to purchase eighty shares of stock, fifty per centum of the price to be paid down, and the balance as called for by the corporation. It contains no other condition or limitation. More than one year after its execution, the defendant paid an additional ten per centum of his subscription, upon call by the directors; but a few months thereafter, when duly called upon for another instalment of ten per cent, he refused to pay on the ground, substantially, that certain alleged parol promises, set out in the affidavit of defense, and upon the faith of which he now says he subscribed, have not been fulfilled. It is not alleged that the parol agreement, now set up in defense, was omitted from the writing by fraud, accident, or mistake; nor is it averred that any part of the written contract itself has been violated by the plaintiff. The affidavit alleges that the subscription of the defendant was obtained by reason of false and fraudulent representations, but does not specify wherein the alleged parol statements were false or fraudulent. The most that can be said of the affidavit is that it recites alleged, unfulfilled promises, and unrealized expectations. Nothing definite is given, showing or

alleging the existence of fraud when the contract was made, and upon the strength of which the subscription was procured. No specific loss is stated upon which even a defense of set-off could be based. The defendant has evidently lost faith in the enterprise, and therefore seeks to avoid further liability. The main features of the affidavit allege unperformed promises, and misappropriation and waste of the company's assets. But these allegations are not sufficient to bar judgment: Iron & Steel Co. v. Selliez, 175 Pa. 18. If, as the defendant seems to believe, the affairs of the corporation have been mismanaged, and it has become insolvent, the law affords a remedy for those ills. But they cannot be cured or lessened by withholding from the company a legitimate part of its assets, the use of which might enable the officers to successfully carry on its corporate business.

Conceding the truth of the affidavit, and giving full force to all proper inferences therefrom, enough has not been shown to entitle the defendant to go to a jury.

Judgment affirmed.