# Acetylene Light, Heat & Power Company *v.* Benjamin H. Smith, Appellant.

*Subscription to stock—Essentials of affidavit of fraudulent inducement.*

When a contract of subscription to stock is absolute on its face, in order to avoid same on the ground of fraudulent misrepresentations inducing subscription, the defendant must set forth what such representations were; wherein they were false and that he was deceived; this in order that the court may pass upon the materiality of the alleged variance of the representations from the truth. An affidavit, failing to do this must be rejected as vague, indefinite and insufficient.

*Laches in repudiating fraudulent contract for sale of stock.*

Omission to repudiate a fraudulent sale of stock within a reasonable time is evidence of an election to affirm the contract. What is a reasonable time when the facts are undisputed is a question of law.

In the case at bar the subscriber had notice of alleged fraud in September, 1896, gave no notice of election to rescind, paid an instalment and raised no question until October, 1897. *Held,* That defendant having taken the chance of a rise in the market price of a highly speculative stock for one year must abide by his own election.

*Corporations—Nonpayment of subscription to stock—Interest.*

Under the Act of May 9, 1889, P. L. 180, no liability other than that fixed by the statute, of one half per cent per month, attaches to delay in meeting instalments due on stock subscriptions. Interest is not due in addition to this allowance.

Argued October 12, 1898. Appeal, No. 113, Oct. T., 1898, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1897, No. 847, for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Judgment modified. Opinion by W. D. PORTER, J.

Assumpsit to recover unpaid subscriptions to stock, amounting to $600 with penalty of one half per cent per month and interest. Before the court in banc.

The affidavit of defense set up that the subscription had been induced by fraud and was therefore void and that there is no legal warrant for the collection of interest in addition to the monthly penalty on stock subscription. The affidavit of defense is analyzed by the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was entering judgment for plaintiff for want of a sufficient affidavit of defense.

*Lewis Lawrence Smith,* for appellant.—The legal proposition involved in this case is that fraud with respect to a material fact, used by a corporation or its principal officers, as an inducement to subscription for its stock, will, when properly set up, avoid the contract of subscription: New Brunswick & C. R. R. Co. v. Muggeridge, 1 Dr. & Sm. 363, 381; Henderson v. Lacon, L. R. 5 Eq. 249, 262; Cook on Stock and Stockholders, sec. 139, et seq.

Allowing the imagination of the promoters great freedom, nevertheless a subscriber may have rescission when their "prospectus is not an honest, candid, straightforward document, but suggests that which is untrue and is in a high degree misleading:" Cook on Stock, etc., sec. 143.

The same principles have been adopted in Pennsylvania: Crossman v. Bridge Co., 26 Pa. 69; Lare v. Specialty Co., 155 Pa. 33; Howard v. Turner, 155 Pa. 349; Thompson on Corp. sec. 1369.

The judgment in this case is erroneous also, because it involves the payment of not only the principal of the calls, and the penalty of one half per cent per month, but also interest. The Act of May 9, 1889, P. L. 180, which authorizes the imposition of a penalty, distinctly states that it is for delay of payment, in other words, the penalty takes the place of interest.

This case is not governed by the case of Acetylene Co. v. Beck, 6 Pa. Superior Ct. 584.

The affidavits of defense in that case alleged the insolvency of the corporation, and thus imposed on the defendant a somewhat larger measure of duty to account for delay in rescission.

*H. B. Gill,* with him *Silas W. Pettit* and *John R. Read,* for appellee.—It would seem to be clear that, inasmuch as it is only the false statement of a material fact that will avoid the subscription, the defendant must set forth the particular falsity of the particular fact upon which he relies, so that the court may

judge both of the falsity and of the materiality: Phila. Bourse v. Downing, 6 Pa. Superior Ct. 590; Blanton v. Craven, 173 Pa. 374; Lewis v. Dunlap, 5 Pa. Superior Ct. 625.

Statements of this character are not such false statements as will avoid a subscription, such as the time in which a proposed railroad was to be built: Brownlee v. The Ohio R. R. Co., 18 Ind. 68.

An affidavit of defense averring that the defendant subscribed on the faith of representations, inter alia, that branch offices would be established and that the same were not established afterwards, is insufficient to prevent summary judgment: Guarantee Co. v. Mayer, 141 Pa. 511.

It is obvious that the affidavit of defense was wholly insufficient. The case is upon all fours with that of the same plaintiff against Charles Beck.

It is not alleged that the parol agreement now set up in defense was omitted from the writing by fraud, accident, or mistake; nor is it averred that any part of the written contract itself has been violated by the plaintiff.

The affidavit alleges that the subscription of the defendant was obtained by reason of false and fraudulent representations, but does not specify wherein the alleged parol statements were false or fraudulent. The most that can be said of the affidavit is, that it recites alleged unfulfilled promises and unrealized expectations. Nothing definite is given showing or alleging the existence of fraud when the contract was made and upon the strength of which the subscription was procured; no specific loss is stated upon which even a defense of set-off could be based: Acetylene Co. v. Beck, 6 Pa. Superior Ct. 584.

Opinion by W. D. Porter, J., March 23, 1899:

The defendant, by agreement in writing dated October 5, 1895, subscribed for 100 shares of the stock of the plaintiff corporation, at the rate of $50.00 per share, and in accordance with the terms and at the date of the agreement paid fifty per centum of the amount in cash, and undertook to pay the balance as it should be called by the board of directors of the corporation. Upon calls duly made by the board of directors he paid, on April 20, 1896, $5.00 per share, and, on October 1, 1896, a second payment of $5.00 per share.

Two calls, each for $3.00 per share, were subsequently duly made, payable, respectively, on May 7 and June 25, 1897, which defendant failed to pay. The corporation brought this action to recover the amounts due upon these calls, aggregating $600, and the defendant filed an affidavit of defense. The court made absolute a rule for judgment for want of a sufficient affidavit of defense, from which judgment the defendant appeals.

The written agreement of defendant to pay for the stock was absolute upon its face; but he now alleges in his affidavit that this subscription was induced by means of false and fraudulent representations made to him by the officers of the plaintiff corporation. There is no doubt that, where one is induced to make a subscription to the capital stock of a company by fraudulent representations or false statements of material facts by an agent of the company, appointed to obtain subscriptions, the contract may be avoided by the subscriber: Crossman v. Bridge Company, 26 Pa. 69. When, however, the contract to pay is absolute, as in this case, a defendant must, in order to prevent judgment, do more than simply state in his affidavit, in general terms, that false and fraudulent representations were made. He must set forth what the false representations were and state wherein they were false and that he was deceived. In the present case the affidavit of defense sets forth a number of representations, alleged to have been made by plaintiff's agents, and then alleges that each and all of said statements were false and misleading and calculated to deceive, and that deponent was deceived to his great injury. But there is no attempt made to set forth wherein the representations were false; nor does the defendant venture upon any positive ground as to what the facts really were touching the matters to which the representations related. In such a case the affidavit of defense should set forth the false representations and, also, what the defendant alleges to be the truth, with regard to the matters as to which he claims to have been deceived, in order that the court may pass upon the materiality of the alleged variance of the representations from the truth. This the defendant has failed to do; his affidavits are vague, indefinite and insufficient: Blanton v. Craven, 173 Pa. 374; Acetylene Light Co. v. Beck, 6 Pa. Superior Ct. 584.

But even if false and fraudulent representations were made

by plaintiff's agents and properly set forth and duly negatived by defendant in his affidavit, yet must the plaintiff have judgment, upon defendant's own showing. The defendant alleges that the false representations, upon which he seeks to avoid his contract, were made prior to his subscription for the stock which bears date October 5, 1895, and he admits in his affidavit that he learned, in September, 1896, "that said statements, announcements and assurances were false and misleading, and that he had been deceived thereby." The fraud alleged was not of such a character as to involve a crime, in which case ratification of the contract would have been contrary to public policy and could not have been permitted; but the transaction was merely contrary to good faith and fair dealing, it affected individual interests only, and upon discovery of the fraud, it was within the power of the defendant to either ratify or rescind the contract. The contract was not void, but voidable only at the option of the party defrauded. If plaintiff was guilty of the alleged fraud, the defendant, upon discovering it, had an undoubted right to rescind the contract, and upon tender of the stock to demand the return of the price paid for it; but it was his duty to act promptly and, in case he elected to rescind, notify the plaintiff without delay. Omission to repudiate within a reasonable time is evidence, and may be conclusive evidence of an election to affirm the contract: Shisler v. Vandike, 92 Pa. 447; Leaming v. Wise, 73 Pa. 173; Bispham's Equity, secs. 260, 472. What is a reasonable time within which to exercise the right of rescission is, when the facts are undisputed, a question of law to be determined by the court: Leaming v. Wise, supra; Howard v. Turner, 155 Pa. 349.

The defendant had full knowledge of the alleged fraud in September, 1896, and gave no notice of an election to rescind until one full year later, when he filed his affidavit of defense; but in the mean time he had, in October, 1896, paid without question an instalment upon the stock. There was not only unreasonable delay to repudiate, but a payment in affirmance of the contract after full knowledge of the alleged fraud. The defendant, having taken the chances of an advance in the market price of stock, highly speculative in character, for the period of a year, must abide by his own election. The allegations of the affidavit as to mismanagement of the affairs of the corpora-

tion, and change of its methods of business constitute no defense to this action: Acetylene Company v. Beck, 6 Pa. Superior Ct. 584; Bristol Iron & Steel Co. v. Selliez, 175 Pa. 18.

The affidavits of defense are not sufficient to entitle the defendant to a jury trial and the court below was clearly right in entering judgment, but the plaintiff was not entitled to interest upon the amounts due down to the date of judgment. The amount which the defendant shall be liable to pay for delay in payment of the instalments called upon his stock is fixed, by the Act of May 9, 1889, P. L. 180, at one half of one per centum per month. This is equal to the legal interests on the amounts due, but it is not in addition to interest; for the act limits the amount for which suit may be brought to the amount called for and unpaid and, in addition, one half of one per centum per month upon said amount for delay. The plaintiff here claimed both interest and the allowance under the act for delay, which the court, no doubt inadvertently, allowed.

The record is remitted to the court below, with direction that the judgment be modified, by striking out from the computation the amount included as interest prior to the entry of judgment, and that judgment be entered for amount of the instalments called for and unpaid and one half of one per centum per month, on said instalments from the time they, severally, were payable. And it is ordered that the costs of this appeal be paid by the appellee.