## Leaming *et al.* *versus* Wise *et al.*

1. Plaintiffs sued defendants for the price of oil-stock, alleging that it had been bought on false representations as to the cost of the land; there was evidence that plaintiffs knew the cost in November and afterwards paid an assessment; subsequently the project failed; in March plaintiffs tendered the stock and offered to rescind. The court charged that if the jury found these facts and any unfavorable circumstance occurred between plaintiffs' knowledge and tender which left defendants in a worse condition than if the tender and rescission had been at the time of the knowledge, the verdict should be for defendant. *Held,* to be correct.

2. If there had been fraud, the plaintiffs could rescind and recover back the price; but the tender should be in a reasonable time after discovery of the fraud.

3. By an undue delay in tender and rescission the contract would be affirmed.

4. When the facts are undisputed, what is reasonable time or undue delay is for the court.

5. Negley *v.* Lindsay, 17 P. F. Smith 217; Pearsoll *v.* Chapin, 8 Wright 9, recognised.

February 18th 1873. Before READ, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ. AGNEW, J., at Nisi Prius.

This was an action of assumpsit brought October 30th 1869, by I. Fisher Leaming and another, trading as Waln, Leaming & Co., against Charles Wise and Ellwood T. Pusey, to recover back money paid by plaintiffs to defendants for oil-stocks, alleged to have been sold under false representations.

The case was tried January 5th 1871, before Lynd, J.

The plaintiffs' evidence was that in March or April 1864 they bought from the defendants 3000 shares of stock in the Watson Petroleum Company and Great Western Oil Company at $3 per share for the one and $2.50 per share for the other; that the defendants represented to them that if they bought the stock they would get it at the same price at which the defendants themselves took it, being only the actual cost of the land and 50 cents per share for working capital; that defendants also represented that other persons, whom they named, and whose judgment as to oil-stock ranked high in the community, had purchased stocks at the same

price; that some time afterwards they learned that the statements in regard to the cost of the land, &c., were inaccurate, and March 2d 1866 they tendered the certificates of stock to the defendants, and gave them notice that they rescinded the contract.

The plaintiffs gave other evidence in support of their case and closed.

The defendants gave evidence in contradiction of the plaintiffs' as to the representations; amongst other things, that when the plaintiffs purchased the stock nothing had been said about the price of the land or the cost of the stock.

They gave evidence also that in October or November 1865, they had informed the plaintiffs what the land cost, which was less than the amount the plaintiffs said they had put it at when they bought the stock; that the plaintiffs had afterwards paid an assessment on the stock; that there was no tender of the stock till after the wells had been finished and the working capital exhausted; that the companies had put down two wells, but had not got any oil, &c.

The defendants submitted six points. The fourth with its answer was:—

"If the plaintiffs were informed by Charles Wise, in October 1865, of the original cost of the land, and did not then repudiate the contract, but waited until March 1866, taking their chances of oil being obtained in the meantime, and only made offer to return when the working capital was exhausted and the wells a failure, they are not entitled to recover."

Answer: "This I have pretty well covered in my general charge, and I say further, in specific answer, that if you find the facts as put in this point, then the conclusion of law that the plaintiffs are not entitled to recover is correct."

In the general charge, the court said on this point:—

"In the fall of 1865 it was that Mr. Wise told Mr. Leaming, Sr., the actual cost; it was after that that the assessment was paid. 'I think I went to his counting-house in October 1865. It was not more than three or four weeks later in October 1865. There was no tender of the stock until after the working capital was exhausted.'

"Now, gentlemen, upon this subject I simply instruct you:—1. If you find that the plaintiffs were informed of the price of the land by Mr. Wise in October, or early in November 1865; 2. That the plaintiffs did not offer to return to the defendants the stock in question for one or more months after such information was given; (the date is given; the evidence is March the 2d 1866;) that the price of the stock had fallen between the time of the receipt of the information and the time of the tender, or that any other unfavorable circumstances appearing from the evidence occurred in the interval, so that the defendants would be in a

[Leaming v. Wise.]

worse condition by taking back the stock at the time of the tender than they would have been if the stock had been previously tendered, or tendered at the time the information was given; then your verdict must be for the defendants."

The verdict was for the defendants.

The plaintiffs took out a writ of error. They assigned fourteen errors. The eleventh was the answer to the defendants' fourth point; the fourteenth was the portion of the charge given above.

*S. S. Hollingsworth* (with whom was *G. W. Biddle*), for plaintiffs in error.—The seller having by his fraud put the buyer in possession of the stock cannot complain of the delay of tender of the goods before suing for the purchase-money : Blake *v.* Mowatt, 21 Beavan 603. Where the rights of third parties have not intervened, the right to rescind can be lost only by confirmation : Kerr on Frauds 235 *et seq.*, and notes; Negley *v.* Lindsay, 17 P. F. Smith 217. The delay might be explained by other facts ; and the question was therefore for the jury : Rowe *v.* Osborne, 1 Starkie 112 ; Lawrence *v.* Knowles, 5 Bingh. N. C. 399 ; Charnley *v.* Dulles, 8 W. & S. 353.

*R. P. White*, for defendants in error.—The question of reasonable time was one of law : Atwood *v.* Clark, 2 Greenleaf 249. The rescission must be in a reasonable time : Downs *v.* Smith, 32 Vermont 6 ; such time is the earliest moment after discovering the fraud : Weed *v.* Page, 7 Wisc. 513 ; Kingsley *v.* Wallis, 14 Maine 57 ; Mason *v.* Bovet, 1 Denio 74 ; Howe *v.* Huntingdon, 15 Maine 350 ; Hill *v.* Hobart, 16 Id. 168 ; Campbell *v.* Fleming, 1 A. & E. 40 ; Ayers *v.* Mitchell, 3 Shaw & McLean 683 ; Hoolbrook *v.* Bart, 22 Pick. 546 ; Clark *v.* Ascham, 1 Ellis, B. & Ellis 148.

The opinion of the court was delivered, May 17th 1873, by

WILLIAMS, J.—The only question worthy of consideration in this case is presented by the 14th assignment. The action was brought to recover the price paid for certain oil-stocks which the plaintiffs alleged that they had been induced to purchase upon the fraudulent representations of the defendants as to the cost of the land ; and a recovery was sought to be had on the footing of the plaintiffs' rescission of the contract and a tender of the stocks to the defendants before bringing the action. The evidence shows that the plaintiffs bought the stocks in April 1864 ; that they were informed by the defendants, in October or November 1865, of the price paid for the lands ; and that, on the 2d of March 1866, they tendered the stocks to the defendants and demanded back the money they had paid for them. Between the discovery of the alleged fraud and the tender of the stocks the assets of the company had been exhausted in boring unsuccessfully for oil, and the

[Leaming *v.* Wise.]

stocks had consequently depreciated in price. The court charged the jury that if they found that the plaintiffs were informed of the price of the lands by Mr. Wise in October, or early in November 1865; that the plaintiffs did not offer to return to the defendants the stocks in question for one or more months after such information was given; (the date is given, the evidence is March 2d 1866;) that the price of the stocks had fallen between the time of the receipt of the information and the time of the tender, or that any other unfavorable circumstances appearing from the evidence occurred in the interval, so that the defendants would be in a worse condition by taking back the stocks at the time of the tender, than they would have been if the stocks had been previously tendered at the time the information was given, then their verdict must be for the defendants. The objection made to the charge is, that mere delay in making the tender, after discovery of the fraud, is not in itself a defence to the action; and whether it is such as to amount to a confirmation of the sale, or a loss of the right to rescind it, is a question of fact for the jury.

If the defendants were guilty of the alleged fraud, the plaintiffs, on discovering it, had the undoubted right to rescind the contract, and, upon a tender of the stocks, to demand back the price paid for them. But it was their duty to do it within a reasonable time. They were not at liberty to await the result of the experiments the companies were making to obtain oil, and to rescind the contract after their efforts had proved to be fruitless. If they intended to rescind the contract it was their duty to act promptly and to return or tender the stocks at the earliest convenient moment after discovering the fraud. If they unduly delayed to return them and demand back the price they affirmed the validity of the contract: Pearsoll *v.* Chapin, 8 Wright 9; Negley *v.* Lindsay, 17 P. F. Smith 217. What is reasonable time or undue delay, when the facts are not disputed, is, as is well settled, a question of law to be determined by the court. *Quam longum esse debet non definitur in jure sed pendet ex discretione justiciariorum:* 1 Tho. Co. Litt. 644, (52 b.)

Here the delay was for four months, and no evidence was given to explain or excuse it. Under the circumstances we have no hesitation in saying that it was unreasonable. The inference is pregnant that if, in the meantime, oil had been found in large quantities, there would have been no rescission of the contract, or offer to return the stocks. The plaintiffs could not take the chance of the speculation, and at the same time repudiate the contract if it turned out to be a losing bargain. Besides, the instruction complained of was not predicated of the mere fact of the plaintiffs' delay in offering to return the stocks, but of the delay coupled with the fact that the price of the stocks had fallen in the interval between the discovery of the alleged fraud and the date of the

[Leaming v. Wise.]

tender. The verdict of the jury establishes both of these facts, and we are clearly of the opinion that they are sufficient to bar the plaintiffs' right to rescind the contract. There was then no error in the instructions of the court, and they were as favorable to the plaintiffs as they had any right to ask or expect.

There is nothing in the other assignments requiring special notice. The evidence complained of had more or less bearing upon the question in issue, and there was no error in its admission that calls for a reversal of the judgment.

Judgment affirmed.