## Lare v. Westmoreland Specialty Co., Appellants.

*Sale—Rescission—Misrepresentations by agents of corporation.*

A person who has been induced by the misrepresentations of two officers of a corporation to subscribe to the shares of stock of the corporation may rescind the contract, and, in an action of trespass for deceit against the corporation and the two officers, recover a judgment against all of the defendants for the amount which he paid for the stock.

Argued Nov. 2, 1892.   Appeal, No. 156, Oct., T., 1892, by defendants, Westmoreland Specialty Company, George R. West and Charles H. West, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 32, on verdict for plaintiff, Marcellus R. Lare.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for deceit in sale of corporation stock.

At the trial, before McCLUNG, J., plaintiff claimed to recover $7,500, which he had paid as a subscription to the capital stock of the Westmoreland Specialty Co. on certain representations made to him by the defendants, George R. West and Charles H. West, two of the officers of the company, which representations plaintiff claimed were false.

The court charged in part as follows:

" [The action is brought against the Westmoreland Specialty Company, the corporation, and the two Wests.   You can find against one or more ; you can find against one of these parties, two of them, or the three.] [1]

" [If you find, however, that they did wickedly, with intent to deceive and with intent to mislead him, misrepresent the state of affairs of the company to this plaintiff and that he suffered damage ; that they committed a fraud upon him, and that as soon as he discovered the fraud, as he alleges, he then elected to rescind the contract, and tendered back the stock, then he would be entitled to recover in this case the money which he had paid for it as damages, and it would be proper in estimating those damages to take into account the interest upon the money from the time it was paid.] " [2]

Plaintiff's point was as follows:

VOL. CLV—3

"1. If the jury find from the evidence that the president, treasurer and business manager of the defendant company, by words, by a statement, or account, or in any other manner, represented to the plaintiff that the Westmoreland Specialty Company had, up to July 21, 1890, made and earned twenty thousand dollars, or if the said officers represented to plaintiff that said company was prosperous and in good sound financial condition, and if said officers represented to plaintiff that the said company owned its own natural gas well, or if they in any manner represented to plaintiff that they had actual sales on their books amounting to twenty-nine thousand dollars or more, when in fact the alleged sales were only consignments of goods, and the plaintiff, upon the strength of such representations, and believing them to be true, paid said company seventy-five hundred dollars for seventy-five shares of its stock, and the said representations, or any of them, were false, either wholly or in part, and said officers knew them to be false, or did not know them to be true, then the verdict must be for the plaintiff. *Answer:* The majority of the propositions in that point are good law, but we cannot affirm it as a whole, and therefore the point is marked refused." [3]

Defendants' points were as follows:

"1. That to entitle the plaintiff to recover in this action it must be shown that the representations alleged to have been made by defendants were not only false, but that defendants also knew or had good reason to believe them to be false, and, further, that the representations were made with intent to deceive and defraud the plaintiff, and failure to prove any one of these essentials entitles the defendants to a verdict, and the burden of proving them is on the plaintiff. *Answer:* This is affirmed, with the understanding, however, that I do not mean to say it is necessary that they should prove all the representations to be false. If they deceived him by a single misrepresentation known to be false, and misled him and injured him, he can recover as well as if they had done it by a half a dozen." [4]

"3. If in January, 1891, or at other times prior thereto, plaintiff discovered the existence of the agency accounts, in respect to which he alleges he was deceived by defendants, and even found that they were not accounts of actual sales, as he claims they were represented to be, he should then have exer-

cised the right (if any he had by reason thereof) to disaffirm his purchase of the stock in question, but if instead of so doing he afterward, at a meeting of the stockholders of the company held in January, 1891, presented a resolution which was adopted at said meeting, approving of the statement of the company's affairs, based upon and covering said agency accounts, he cannot now avail himself of any alleged false or fraudulent representations in respect to said accounts as a ground for recovery in this action.  *Answer:* I answer that as follows : If the plaintiff was deceived and defrauded he was not bound to rescind. He might have retained the stock, and recovered such damages as the evidence showed him to have suffered, but this case has been tried upon the theory that the plaintiff has exercised a right to rescind the contract which he was induced to enter into by fraud and is entitled to recover as damages the money paid by him.  No other measure of damages has been suggested. This point is therefore affirmed.  You will notice that this point applies only to the one matter, to that of the misrepresentations as to the nature of the accounts, and I should perhaps call your attention in connection with this point to the account submitted by the plaintiff to the effect that the statement, if I recollect it right, seemed to indicate that there were some 'consigned accounts,' as they call them in this statement, along with the 'accounts receivable.'  I believe they are under one heading spoken of as 'accounts receivable,' or something of that sort, including goods in the hands of agents.  As I said, this point refers only to the one matter of those accounts, and does not in any way affect other alleged misrepresentations." [5]

"4. There is no evidence in this case to justify a verdict against the defendant company.  *Answer :* This point is refused ; that question is left to you under the instructions which I have already given you." [6]

Verdict and judgment for plaintiff against all defendants for $8,172.50.  Defendants appealed.

*Errors assigned* were (1-6) instructions, quoting them.

*Chas. P. Orr, Thos. C. Lazear* with him, for appellant, cited: Pearsoll v. Chapin, 44 Pa. 14; Kerr on Fraud, 351 ; Duranty's Case, 26 Beav. 273 ; Hubbard v. Briggs, 31 N. Y. 518; Suth-

erland on Damages, 599; 1 Bigelow on Fraud, 628; Sedgwick on Damages, § 778; Smith v. Bolles, 132 U. S. 125; Campbell v. Fleming, 1 A. & E. 40.

W. K. Shiras, C. C. Dickey with him, for appellee, cited: Ross v. Investment Co., L. R. 3 Eq. 122; Evans v. Bicknell, 6 Ves. 182; Kerr on Fraud, 333.

PER CURIAM, January 3, 1893:

We find nothing in the assignments of error which requires discussion. The case involves questions of fact which were fairly submitted to the jury.

Judgment affirmed.