## M. Zineman & Bro. *v.* William Harris, Appellant.

*Contract—Rescission for fraud—Evidence—Province of the court.*

The trial judge is justified in excluding from the jury the question of alleged fraud when the testimony of the witness called to corroborate the defendant was vague and uncertain and where all the testimony taken together failed to answer the test of being clear, precise and indubitable.

*Contract—Rescission for fraud—Requisite proof.*

In order to rescind a contract on the ground of fraudulent representations by the seller, it must be established by clear and decisive proof that the alleged representation was made in regard to a material fact; that it was false; that the maker knew that it was not true; that he made it in order to have it acted on by the other party to his damage and in ignorance of its falsity and with a reasonable belief that it was true.

*Province of court and jury—Question of reasonable time.*

The question of what is reasonable time or undue delay, when the facts are undisputed, is a question of law to be determined by the court.

Argued Dec. 14, 1897. Appeal, No. 111, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1894, No. 1552, on verdict for plaintiff. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before Thayer, P. J.

It appears from the evidence that plaintiffs are manufacturers of spectacles, and had devised an outfit consisting of an instrument to determine the proper spectacles, and spectacles numbered to correspond with marks on the instrument. The defendant a druggist without experience in dealing in spectacles alleged that he had ordered goods of the plaintiffs on their representation that they had sold such outfits to another druggist in a similar neighborhood to the defendant's and that that druggist had sold large quantities of them.

The court, Thayer, P. J., charged the jury as follows:

[This is a suit brought to recover the price of certain goods sold and delivered. The defendant relies upon an alleged rescission of the contract on his part, which he attempts to justify by proof that he was induced to buy them by misrepresentation made to him by the plaintiffs, who sold them. The alleged misrepresentation consisted, according to the defendant's statement, in the plaintiff's representing that he had sold similar goods to Mr. Ogden. The evidence is that although the plaintiff had not sold precisely these goods to Mr. Ogden, he had sold him somewhat similar goods—smoked eyeglasses it turned out to be.] [1] [At any rate, after receiving the goods and keeping them, as the defendant did, from the 17th of March to the 28th of June, it was too late for him then to rescind the contract upon such an allegation as that. If he intended to rescind the contract he ought to have acted sooner. If he had returned them immediately, or within a reasonable time, after receiving the goods, there might have been at least some color for such a defense. But as matter of law, I instruct you that his offer to return the goods was entirely too late, and therefore he is responsible to the plaintiffs.] [2]

Verdict and judgment for plaintiff for $38.25. Defendant appealed.

*Errors assigned* were (1, 2) portions of the judge's charge, reciting same.

*W. S. Roney*, for appellant.—There being a mistake of fact material to the contract it is void: 2 Kent's Com. (13th ed.), 477; Pollock on Contracts, 441; Fink v. Smith, 170 Pa. 124.

These misrepresentations constituted a fraud. They come fully up to the standard laid down in Brown v. Eccles, 2 Pa. Superior Ct. 192.

There was no assent of two minds meeting on common ground: Harding v. Lloyd, 3 Pa. Superior Ct. 293.

An effort was made to return the goods as soon as the fraud was discovered: Hollingsworth on Contracts, 183; Lawson on Contracts, sec. 249.

*Irving E. Zeigler*, for appellees.—The right to rescind a contract must be exercised within a reasonable time after the breach. What is such a reasonable time is for the court: Morgan v. McKee, 77 Pa. 228.

The act of the defendant in opening the package and selling therefrom, was such that rescission could not be made.

OPINION BY BEAVER, J., January 18, 1898:

The contract in this case was in writing. It was an order to the plaintiffs signed by the defendant for certain goods which were actually delivered, which the defendant accepted and part of which he sold. He undertook to rescind the contract, on the ground that it was induced by representations which he alleges were false and fraudulent. When this action was brought by the plaintiffs to recover the value of the goods sold, the fraud so alleged was set up as a defense to its payment.

Two assignments of error cover the entire charge of the court to the jury, in which the court instructed the jury that the defendant's offer "to return the goods was entirely too late and, therefore, he is responsible to the plaintiffs." The charge is very brief. No reasons are given for the conclusions reached by the trial judge and we are, therefore, left to gather them from the testimony as it was developed in the trial.

If no fraud was practiced upon the defendant by the plaintiffs, the conclusion reached by the trial judge is undoubtedly correct. The goods were sold on the 15th day of March, 1894, and were returned or offered to be returned on the 28th of June following, the defendant having in the meantime sold some of the goods and, in order to restore the status quo, having purchased from other persons what was sufficient, in his opinion, to make good the amount sold.

The question of "what is a reasonable time or undue delay, when the facts are not disputed, is, as is well settled, a question of law to be determined by the court:" Leaming v. Wise, 73 Pa. 173; Morgan v. McKee, 77 Pa. 228.

If the contract, however, were based upon a fraud practiced upon the defendant, he could rescind it within a reasonable time, after the discovery of the fraud; and, if his testimony is to be believed, he rescinded the contract and offered to return the goods immediately after the discovery of what he alleged to be the fraud practiced upon him by the plaintiffs. It is manifestly certain, therefore, that the trial judge in the court below eliminated the question of fraud entirely from the case. Was he justified in so doing? It has been very often held by the Supreme Court and this court that " when the execution of an instrument has been obtained by means of a fraud or where there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed and without which it would not have been executed, parol evidence could be given to prove the fraud, though it contradict the instrument; " but in such a case " the evidence must be clear, precise and indubitable—not indubitable in the sense that there must be no opposing testimony but in the sense that it must carry a clear conviction of its truth: " Honesdale Glass Co. v. Storms, 125 Pa. 268, and numerous cases therein cited.

Admitting that the representations complained of amounted to a fraud of which the law will take cognizance, was the evidence of it sufficient to be submitted to the jury? We think not. It was sufficient in quantity, having the two witnesses necessary to establish the fraud; but, after a careful reading of all the testimony upon the subject, we are clearly of the opinion that the witness who was called to corroborate the defendant

·was vague and uncertain in his testimony; and, taking all of the testimony upon the subject together, it fails to meet the requirements herein set forth. Whether these ·considerations influenced the trial judge in failing to submit to the jury the question of fraud, we cannot, of course, determine. It may be that other considerations moved him.

In Southern Development Co. v. Silva, 125 U. S. 247, it was held that "In order to rescind a contract for the purchase of real estate on the ground of fraudulent representation by the seller, it must be established by clear and decisive proof that the alleged representation was made in regard to a material fact; that it was false; that the maker knew that it was not true; that he made it in order to have it acted on by the other party and that it was so acted on by the other party to his damage and in ignorance of its falsity and with a reasonable belief that it was true." The rule is not essentially different as to personal property. Were the representations as to the sale to Ogden of a material fact? Admitting that the defendant acted upon those representations, did he do so to his detriment or damage? These are questions which naturally suggest themselves as legitimately raised by the evidence but which need not be definitely answered, in view of the reasons heretofore given which may have influenced the court below in withholding the question of fraud from the jury and which, in our opinion, was a sufficient justification for so doing.

The judgment is affirmed.