## The Riddle Company v. Taubel.

*Contracts—Failure of performance—Rescission by injured party—Notice —Sufficiency—Question for court—Resale of goods—Affidavit of defence— Sufficiency.*

1. In an action to recover the difference between the contract price and the selling price of goods which defendant failed to take in accordance with the terms of his contract with the plaintiff, a general denial of refusal to comply with the contract is insufficient, under the Practice Act of May 14, 1915, P. L. 483, to prevent judgment for want of a sufficient affidavit of defence. This is especially true if it appear that there was neglect to comply on the part of the defendant, even if there was not an actual refusal.

2. Where the plaintiff, in such an action, gave notice of an intention to treat its contract with the defendant as rescinded, because of failure of the defendant to perform his obligations thereunder, and such notice, having been given more than a month before the sale was consummated, was repeated several times during the fruitless efforts to effect a settlement, the notice was sufficient. There being no dispute as to the facts, the question of the sufficiency of such a notice is for the court.

3. Where the defendant seeks to establish a subsequent agreement of compromise as a defence to an action based upon a breach of contract, the agreement must be fully set forth in the affidavit of defence. If the defendant relies upon a letter accepting a proposal of compromise, the letter must be set forth in the affidavit of defence, and if it be omitted, the affidavit of defence is insufficient to prevent judgment.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 2, Phila. Co., March T., 1922, No. 8938.

*C. E. Outterson,* for rule; *J. B. Colahan, 3rd,* contra.

ROGERS, J., Aug. 2, 1922.—In February, 1921, The Riddle Company entered into a verbal contract with George L. Taubel, trading as Taubel Brothers, whereby Taubel agreed to purchase from The Riddle Company 5392 pounds of yarn of a certain quality, at the price of $2.65 per pound. This contract was confirmed by a written order. In this confirming order it was stated that deliveries of the yarn should be "at the rate of about two cases weekly, starting 2–21 and 3–1." In pursuance of the order, The Riddle Company delivered to Taubel a total of 641 pounds of this yarn in February and March of that year. Thereafter Taubel failed to send shipping instructions for any part of the remainder. For a number of months The Riddle Company acquiesced in this failure of Taubel to designate delivery dates, but, beginning with September, 1921, and down to the latter part of March, 1922, they repeatedly endeavored to induce Taubel to fix a date or dates for the delivery of the remainder of the yarn. Taubel neglected to do so. Finally, on March 22, 1922, the attorney for The Riddle Company wrote Taubel and, after reciting the failure to designate delivery dates as requested, stated, "Under the circumstances, I have advised The Riddle Company to sell the yarn at the best price obtainable and charge your account with the difference between the contract price and the sales price."

Pursuant to this notification, The Riddle Company instructed its salesmen to offer the yarn on the open market, and on April 25, 1922, sold the balance of Taubel's order for the price of 82 cents per pound. It is conceded that this was a fair price. This suit is brought by The Riddle Company to recover the difference between the contract price and the sales price, which difference amounted to $7596.33.

The affidavit of defence, after admitting the contract and the failure of Taubel to order deliveries as originally agreed upon, sets up the following defences:

1. It denies that Taubel refused to designate delivery dates, and that The Riddle Company was, therefore, obliged to dispose of the yarn on the open market.

2. It denies that The Riddle Company gave Taubel reasonable notice of its intention to treat the contract as rescinded and sell the yarn.

3. It avers that a definite offer of compromise was made by The Riddle Company after the date of the aforesaid notice, which offer was accepted by Taubel through his attorney in a letter dated April 20th.

Taking up these defences in their order, we find, as to the first, that it is simply a flat denial of the averment made in the statement of claim that, "notwithstanding the aforementioned requests made by plaintiff to the defendant to designate dates of delivery, the defendant refused, and continued to refuse, to designate dates for deliveries or give instructions concerning the disposition of said yarn, and, as a consequence thereof, plaintiff was obliged to dispose of the same in the open market for the best price obtainable." This general denial is a direct violation of the provisions of the Practice Act, and, therefore, is insufficient. Furthermore, the facts of the case, as averred and admitted by the pleadings, show clearly that defendant neglected, if it did not refuse, to give shipping instructions when requested, and the legal consequence follows that the plaintiff was entitled to treat the contract as rescinded, and, after reasonable notice, to sell the goods on the open market for what they would bring. This defence cannot, therefore, be given weight.

2. The affidavit further denies that The Riddle Company gave Taubel proper and reasonable notice of its intention to sell the goods. The correspondence between the parties, as set forth in the pleadings, shows exactly what this notice was. Mr. Outterson, attorney for The Riddle Company, wrote Taubel under date of March 22nd. He recites the refusal of Taubel to answer inquiries as to what disposition shall be made of the yarn, and adds, "Under the circumstances, I have advised The Riddle Company to sell the yarn at the best price obtainable and charge your account with the difference between the contract price and the sales price." This was direct notice from the agent of The Riddle Company that they had decided to treat the contract as rescinded. The following day, March 23rd, Mr. Taubel, through his attorney, Mr. Colahan sent Mr. Outterson a letter, submitting in general terms "an alternative proposition of either payment in cash for cancellation of the contract or that your clients accept delivery of the merchandise at dates to be agreed upon and extended over a period." Under date of March 25th, Mr. Outterson replied, stating "your letter contains no definite offer of settlement, and the matter is, therefore, no nearer a conclusion than it was a month ago. If you care to submit a proposition, I shall be pleased to submit it to my client, otherwise I shall be compelled to proceed as outlined in my recent letter to Mr. Taubel." This letter was notice to Mr. Taubel that, in the absence of the submission of a proposition acceptable to The Riddle Company, the original notice of rescission was still in force. This letter was followed by a letter, dated March 27th, from Mr. Colahan, which submitted on behalf of Taubel two definite offers in adjustment of the case. Mr. Outterson replied, under date of March 29th, refusing to accept either offer. He then submits to Mr. Colahan an offer on behalf of The Riddle Company, but is careful to state, "I trust you appreciate the necessity of an immediate reply, for my client may sell, or may have sold, the yarn in accordance with my instructions." This is most definite notice to Taubel that the original notice of rescission was still in force. No further correspondence appears for nearly two weeks, when, under date of April 11th, Mr. Colahan writes to Mr. Outter-

2 D. & C.

son, making a new proposition, which he states "is a little better than yours of the 29th." On April 13th Mr. Outterson replies, refusing the new offer, and renewing the proposition made by him on March 29th, adding, "I must have a definite reply thereto on or before Wednesday, April 19th." This completes the correspondence as shown by the pleadings. The yarn was sold on April 25th.

It will thus be seen that though numerous offers of settlement were made, none was accepted, and The Riddle Company never altered its position taken in the letter of its attorney dated March 22nd, when he stated that he had directed his clients to sell the yarn on the open market. During the progress of the negotiations which followed, he twice emphasizes the fact that the notice is still in effect. About five weeks after giving the notice the yarn was sold. During this period, if the parties at any time had come to an agreement as to settlement, the notice would have been suspended or revoked. No agreement, however, was entered into, and the original notice stands. By no stretch of the imagination can it be assumed that the defendant was led into any false position by the correspondence which ensued. The Riddle Company, through its attorney, continually reiterated that the original notice was still in force and the goods might be sold at any time.

There is no question, therefore, that notice of rescission was given on March 22nd and that the goods were sold on April 25th. The court holds, as matter of law, that this is sufficient notice. That the court may treat this question as one of law, where the facts are not in dispute, is indubitable: Leaming v. Wise, 73 Pa. 173; Markley v. Godfrey, 254 Pa. 99; Swan v. Insurance Co., 96 Pa. 37; Patterson v. Graham, 164 Pa. 234.

The second defence set up by the affidavit is not sufficient, as due notice was given by the plaintiff of its intention to sell the goods.

3. The third defence alleged by the defendant is that, subsequent to the notice of rescission above referred to, the parties came to an agreement of compromise regarding the subject-matter of the contract. No consideration for this agreement is alleged, although possibly it may be held that the mutual promises of the parties, had such agreement existed, would have been sufficient to effect a novation of the contract. But there is no foundation, so far as appears in the pleadings, for the allegation that such agreement ever existed. The correspondence, which has been detailed at some length, shows no agreement. The affidavit of defence states that the offer of settlement was made by the letter dated April 13th from Mr. Outterson, counsel for The Riddle Company, to Mr. Colahan, counsel for Taubel (Exhibit K, affidavit of defence), and that this offer was accepted by a letter dated April 20th from Mr. Colahan to Mr. Outterson. This last-named letter, however, does not appear in the pleadings, and the court has no opportunity to judge whether or not it was a clear and unqualified acceptance of Mr. Outterson's offer. We are, therefore, compelled to hold that the averment in the affidavit of defence that this letter was such acceptance is a mere conclusion of law not warranted by the pleadings. The third defence, therefore, which is set up by the affidavit of defence must be held to be insufficient.

The rule for judgment for plaintiff for want of a sufficient affidavit of defence is, therefore, made absolute.