## Grant, Appellant, *v.* Lovekin.

*Contract—Sale—Purchase of shares of stock—Rescission—Damages—Fraud—Province of court and jury.*

1. A contract of purchase which was induced by the fraud of the vendor, cannot be rescinded by the vendee unless, on discovery of the fraud, he promptly elects to rescind and returns or tenders a return of the property purchased.

2. Where the controlling facts are undisputed, the question of what constitutes undue delay in rescinding the contract, is one of law for the court.

3. Where a vendee does not promptly rescind a contract of purchase, after discovery of the fraud practiced on him, he cannot recover back the purchase price, but only the difference between the real value of the property purchased, at the time of the sale, and the fictitious value which he was induced to pay by reason of the fraud.

Argued January 4, 1926. Appeal, No. 358, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1924, No. 1787, on verdict for defendant, in case of J. E. P. Grant v. Luther D. Lovekin. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit to recover back the purchase price of corporate stock. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Directed verdict for defendant on which judgment was entered. Plaintiff appealed.

*Error assigned* was, inter alia, direction of verdict for defendant, quoting record.

*Bernard C. Law,* for appellant.—The law applicable to the case at bar as to damages is correctly stated in Lare v. Westmoreland Specialty Co., 155 Pa. 33.

*William A. Carr,* with him *Sidney L. Krauss,* for appellee, cited: High v. Berret, 148 Pa. 261; Curtis v. Buzard, 254 Pa. 61; O'Rourke v. Blocksom, 69 Pa. Superior Ct. 93; Long v. McAllister, 275 Pa. 34; Sigafus v. Porter, 179 U. S. 116; Corporation F. & F. Co. v. Stoffregen, 264 Pa. 215.

OPINION BY MR. JUSTICE SIMPSON, January 18, 1926:

Plaintiff alleges that, in the fall of 1922, he was induced, by certain false and fraudulent representations of defendant, to purchase from the latter a number of shares of corporate stock. On March 1, 1923, plaintiff became vice-president and general manager of the company, and subsequently its president. He says it was not until the end of May, 1923, that he became sure the inducing representations were false and untrue. He did not even then elect to rescind the contract, however, but waited until the latter part of November of that year, when, for the first time, he offered to sell the stock back to defendant, at the price paid for it. This proposition being rejected, the present suit was brought.

At the trial plaintiff produced no evidence as to the actual value of the stock at the time he purchased it, but claimed the offer to sell it back was in effect a rescission of the contract, and that he was entitled to recover the amount he had paid with interest. The trial judge held, as a matter of law, that the alleged rescission was made at too late a date to be effective, and hence that plaintiff's right of recovery, if any such existed, was for the difference between the price paid for the stock and its actual value at the time of purchase; and, since there was no evidence as to the latter, directed a verdict for defendant. The court in banc sustained this view, judgment was entered on the verdict, and plaintiff appeals.

Assuming for present purposes (but without actually deciding either point) that there was sufficient evidence from which the jury could have found that false and fraudulent representations had been made to induce

plaintiff to purchase the stock, and that the offer to sell back was equivalent to a rescission of the contract of sale, nevertheless the judgment must be affirmed. We have many times held that "On discovery of the fraud [alleged to have been practiced on him] the vendee must promptly elect to rescind the contract, or he will be held to have waived the fraud and be bound accordingly": Wood v. Wood, 263 Pa. 521, 526; Corporation Funding & Finance Co. v. Stoffregen, 264 Pa. 215; McEvoy v. Samuels, 277 Pa. 370; Walker v. Harbison, 283 Pa. 111. So, also, we have often said that, where the controlling facts are undisputed (here they are shown by the evidence of plaintiff himself), the question as to what constitutes undue delay, is one of law for the court: Leaming v. Wise, 73 Pa. 173; Kinter v. Commonwealth Trust Co., 274 Pa. 436; Riddle Co. v. Taubel, 277 Pa. 95. A delay of six months after knowledge of all the facts, is not prompt action, and hence the court below correctly held that the right to rescind was lost for that reason, and that no recovery could be had except for the "difference between the real value of the stock at the time of the sale, and the fictitious value at which the buyer was induced to purchase" (High v. Berret, 148 Pa. 261; Curtis v. Buzard, 254 Pa. 61; Long v. McAllister, 275 Pa. 34), of which real value there was no proof in the instant case.

If Lare v. Westmoreland Specialty Co., 155 Pa. 33, had decided anything contrary to the foregoing, it would necessarily have to be treated as overruled by the long line of cases of which a few have been cited above; but it did not. On the contrary the jury in that case were told plaintiff could recover only in case they found that "as soon as he discovered the fraud, as he alleges, he then elected to rescind the contract, and tendered back the stock"; and the court also affirmed a point by defendant that plaintiff, after knowledge of the fraud, "should then have exercised the right (if any he had by reason thereof) to disaffirm his purchase of the stock in

question, but if instead of so doing he afterward......
[acted as a stockholder] he cannot now avail himself of
any alleged false or fraudulent representations......
as a ground for recovery in this action." The verdict in
that case therefore established the fact that plaintiff
therein "as soon as he discovered the fraud......elected
to rescind the contract, and tendered back the stock."
It is, therefore, an authority against, and not for plain-
tiff, since admittedly he did not rescind and tender back
the stock "as soon as he discovered the fraud."

The judgment of the court below is affirmed.