## Doehler Die Casting Co. *v.* Correct Measure Co., Appellant.

Argued March 22, 1932.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Forest G. Moorhead,* with him *John G. Marshall,* of *Moorhead & Marshall,* for appellant, cited:  Cocker v. Franklin Hemp & Flax Mfg. Co., 3 Sumn. 530.

*C. R. May,* with him *Thompson Bradshaw,* of *May & Bradshaw,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1932:

By the written agreement sued on, plaintiff agreed to manufacture for and sell to defendant certain metal nuts, at prices stated, some of them to be delivered at once, and the others "to be shipped as specified," the time of delivery as to the latter not being otherwise stated. Plaintiff manufactured all the nuts named in the contract, and forwarded to defendant, and was paid for, those that were to be delivered at once. At later dates some of the others were sent on request and were paid for by defendant. Finally, plaintiff gave defendant written notice that unless instructions as to their delivery were specified on or before a date named, the undelivered nuts would be held by plaintiff as bailee for defendant, and suit would be brought to recover their contract price. Thereafter, a few were ordered, delivered and paid for, but the rest remained in plaintiff's hands, defendant refusing to receive them, to give shipping instructions in regard to them, or to pay for them.

Plaintiff thereupon brought this suit to recover their contract price, and obtained a verdict and judgment. From the latter, defendant now appeals, and, in its assignments of error, raises but two points: (1) Was it entitled to binding instructions, or to a judgment non obstante veredicto, in its favor? and (2) If not, was it for the jury and not for the court to determine, as the latter did, whether or not defendant had "delayed ordering out the materials beyond a reasonable time?" Both of these questions must be answered favorably to plaintiff and the judgment affirmed.

Defendant admits that if a contract for the purchase and sale of goods does not state a time within which delivery is to be made, the law implies a reasonable time therefor, but avers that the words "to be shipped as specified" give to defendant the exclusive right to determine

when and where they are to be shipped, and that this right is indefinite as to time. We do not so interpret that language. Assuming, as both parties do, that it does not mean "to be shipped [to the place] specified," but relates also to the time of shipment, then, as the contract in its entirety does not designate a time, it must be construed to mean "to be shipped as specified" within a reasonable time. The reason for the general rule is thus stated in 1 Williston on Contracts, page 58: "Partly in order to carry out the supposed actual intention of the parties and partly, doubtless, in order to prevent an offer or agreement from being ineffectual because too indefinite, courts will, where the contract contemplates a single act or exchange of acts, unless the circumstances show a contrary intention, construe a promise which does not in terms state the time of performance as intending performance in a reasonable time." The reason stated applies quite as well to the indefinite language of the present contract as it would if the words "to be shipped as specified" had not been included in it; and hence the presumption of a reasonable time is just as applicable in the one case as in the other.

It is also thoroughly well settled that where, as here, the facts are undisputed, the question as to what constitutes a reasonable time is one of law, to be determined by the court: Leaming v. Wise, 73 Pa. 173; Morgan v. McKee, 77 Pa. 228; Kinter v. Commonwealth Trust Co., 274 Pa. 436; Grant v. Lovekin, 285 Pa. 257; Gervis v. Kay, 294 Pa. 518; Tinius Olsen Testing Machine Co. v. Wolf Co., 297 Pa. 153. In its application of that rule the court below held that the delay in the instant case was unreasonable, and with this conclusion we agree. The contract was made October 11, 1927, and the nuts were made immediately thereafter. Plaintiff's written notice to send shipping instructions was not given until April 11, 1929, a year and a half after the contract was signed, and suit was not brought until May 13, 1930, when more than another year had elapsed. The excuse

that it did not suit defendant to take and pay for them at any time before suit brought, has no more bearing on the question of the unreasonableness of the delay than has its erroneous construction of the agreement itself. Indeed, it seems clear that its erroneous construction is wholly to blame for the failure to specify a time and place of shipment.

The judgment of the court below is affirmed.