# Livingston's Appeal.

The judge of a separate Orphans' Court has no power to hold the Orphans' Court of a county, in which a judge of the Court of Common Pleas presides by virtue of his commission. The Act of March 4th 1875, does not apply to such a case, and has relation only to the judges of the separate Orphans' Court.

November 22d 1878.　　Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.　WOODWARD, J., absent.

Appeal from the Orphans' Court of *Washington county*: Of October and November Term 1878, No. 330.

This case was as follows: Exceptions were filed in the court below to the account of Samuel Livingston, executor of Thomas Livingston, deceased, which exceptions were referred to an auditor for report.

Exceptions were filed to the auditor's report, and Hon. Geo. L. Hart, president judge of the Court of Common Pleas of Washington county, called in the Hon. W. G. Hawkins, president judge of the separate Orphans' Court of Allegheny county, to hear and determine the questions involved. His honor, Judge Hawkins, after a hearing, filed an opinion and made a decree "that the proceedings in said matter be vacated and set aside;" from which decree Samuel Livingston took this appeal.

Washington county is a separate judicial district, but has no separate Orphans' Court, the judge of the Court of Common.Pleas being judge of the Orphans' Court by the Act of May 19th 1874, Pamph. L. 206, sect. 2, Purd. Dig. 1933, sect. 2.

The Act of April 14th 1834, Purd. Dig. 230, 231, authorizes the holding of special Common Pleas courts in any county by calling in the president judge who may reside nearest for the trial of those cases wherein the president judge of the court in which the suit is brought is incapacitated for trying through interest in the cause; where title in dispute is claimed through him; through

[Livingston's Appeal.]

kindred to the parties; or through having been concerned as coun-
sel. By the Act of April 4th 1843, Purd. Dig. 1105, sect. 14,
the provisions of the Act of 1834 were extended to the Orphans'
Court, Register's Court, Quarter Sessions and Oyer and Terminer.

The Act of March 4th 1875, Purd. Dig. 2050, Pamph. L. 5,
sect. 1, provides that "whenever, by reason of sickness, absence,
interest or other cause, a judge of the Orphans' Court, in any judi-
cial district in this Commonwealth, may be unable to sit in any
matter depending in such court, it shall be lawful for him to call
upon any other Orphans' Court judge, or judge of any other Court
of Common Pleas in this Commonwealth, to preside in and deter-
mine such matter, with the same force and effect as though he, the
regularly commissioned judge of such district, if presiding, might
do."

The question of jurisdiction was not raised in the court below,
and no allusion was made to it in the paper-books furnished the
Supreme Court. In the argument, however, a question as to the
power of Judge Hawkins was suggested, as will appear in the fol-
lowing brief thereof. A like opinion was filed and judgment
entered in Jane Neill's Appeal, which came up from Washington
county at the same term, and in which Judge Hawkins had pre-
sided and made the decree. The same counsel were engaged in
both causes.

*D. S. Wilson* and *Dougan & Todd*, for appellant.

[Justice PAXSON.—Is there any act but that of 1875 by which it
is claimed that Judge Hawkins had a right to hold this court?]

Mr. *Dougan.*—No, Sir.

[Justice SHARSWOOD.—Under this act, a Common Pleas judge
could only act in the stead of another Common Pleas judge, and an
Orphans' Court judge only in the place of another Orphans' Court
judge.]

Mr. *Wilson.*—We go further, and contend that no Allegheny
county judge could hold Orphans' Court, because they are not
Common Pleas judges with Orphans' Court jurisdiction.

[Chief Justice AGNEW.—Washington county has not a separate
Orphans' Court?]

Mr. *Wilson.*—No, sir. We called in Judge Hawkins to hold
our court for us in the absence of the regular judge.

[Chief Justice AGNEW.—I understand that. I am looking at
the power of Judge Hawkins. He has no power to hold the Com-
mon Pleas Court, and yet the Orphans' Court in your county must
be held by a Common Pleas judge.]

Mr. *Wilson.*—We thought he had jurisdiction and every requi-
site power to hold the court.

[Justice SHARSWOOD.—You could not give him jurisdiction.
The Act of Assembly reads so as to apply only to Common Pleas
judges.

[Livingston's Appeal.]

Chief Justice AGNEW.—Well, we will take the case, and leave the argument as it stands, reserving the question of jurisdiction. Let us understand the case as if the court had jurisdiction.][1]

*Braden & Miller* and *Freeman Brady, Jr.*, for appellees.

The judgment of the Supreme Court was entered, November 28th 1878,

PER CURIAM.—The proceeding in this case before Judge Hawkins, the judge of the separate Orphans' Court of Allegheny county, was *coram non judice.* He had no power to hold the Orphans' Court of a county in which a judge of the Court of Common Pleas presides by virtue of his commission.

The Act of 4th March 1875, Pamph. L. 5, does not apply to this case. It has relation to judges of the separate Orphans' Courts. This case is fully provided for by the Act of 4th April 1843, sect. 8, 2 Purd. Dig. 1105, pl. 14.

> The decree is reversed, and all proceedings had before Judge Hawkins are set aside, and the record is ordered to be remitted, with a *procedendo* as to the matters occurring in the Orphans' Court before he presided, the costs to abide the final result.