## Wood v. Wood, Appellant.

*Partnership—Dissolution—Transfer of assets—Promissory notes of retiring partner—Affidavit of defense—Fraud—Waiver—Rescission of contract—Entire and severable contracts.*

1. Where a partnership is dissolved and the agreement of dissolution covers many distinct matters, among which is a transfer to the retiring partner of bonds and shares of a corporation, in consideration for which he gives his promissory notes maturing at stated periods during a course of years, such partner cannot, after he has paid a number of notes, set up, in an affidavit of defense, in a suit brought by the receivers of the other partners, against him on the other notes, that the value of the bonds and stock transferred to him, had been fraudulently diminished by the improper conduct of the other partners, if it appears that, after he had discovered the fraud, he delayed for several years without making any offer to rescind the settlement as a whole, and in the affidavit of defense makes no averment as to the amount in which he had been injured by the alleged fraud.

2. Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred.

Argued Jan. 15, 1919. Appeal, No. 155, Jan. T., 1919, by defendant, from order of C. P. No. 5, Philadelphia

Co., Dec. T., 1917, No. 488, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Walter Wood, Surviving and Liquidating Partner of R. D. Wood & Company, to the use of M. Hampton Todd and Walter Wood, Receivers of the said firm in liquidation, v. George Wood. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit on eleven promissory notes for $5,000 each.

Rule for judgment for want of a sufficient affidavit of defense. Before STAAKE, J.

The court made absolute the rule.

*Error assigned* was the order of the court making absolute the rule.

*J. Wilson Bayard* and *M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* for appellant.—The clause in the agreement of July 11, 1911, providing for the purchase by the appellant of stock and bonds of the Camden Iron Works and for the modification of the mortgage securing the bonds to conform to his requirements were severable from the rest of that agreement and therefore capable of independent rescission: Lucesco Oil Co. v. Brewer, 66 Pa. 351; Fullmer v. Poust, 155 Pa. 275; Big Black Imp. Co. v. Kemmerer, 162 Pa. 422; McLaughlin v. Hess, 164 Pa. 570; Morgan v. McKee, 77 Pa. 228; Scott v. Kittanning Coal Co., 89 Pa. 231; Nolt v. Crow, 22 Pa. Superior Ct. 113.

The fraudulent alteration by the vendors of the mortgage of the Camden Iron Works securing the bonds, is a good defense to a suit for the purchase price thereof, when brought by the original vendors or their assigns: Roberts v. James, 83 N. J. L. 492.

The appellant has a right to recover from the appellees the amounts which by their fraud he was induced to pay; and his demand for this repayment, in the

counterclaim filed, is made in proper time: Leaming v. Wise, 73 Pa. 173; Howard v. Turner, 155 Pa. 349; Fowler v. Meadowbrook Water Co., 208 Pa. 473; Rumsey v. Shaw, 212 Pa. 576; Muehlhof v. Boltz, 215 Pa. 124; Hilliard v. Allegheny Geometrical Wood Carving Co., 173 Pa. 1; Mahaffey v. Ferguson, 156 Pa. 156; Zeller v. Haupt, 41 Pa. Superior Ct. 647.

*J. H. Brinton,* with him *William F. Norris,* for appellees.—The agreement is entire: Bird's App., 91 Pa. 68.

Even if the agreement be severable, the affidavits of defense are insufficient as no damage is averred.

The right of rescission exists only when exercised promptly: Andriessen's App., 123 Pa. 303; Acetylene Light, etc., Co. v. Smith, 10 Pa. Superior Ct. 61; Dunn v. Columbia Nat. Bank, 204 Pa. 53; Grymes v. Sanders, 93 U. S. 55; Hilliard v. Allegheny, etc., Woodcarving Co., 173 Pa. 1.

OPINION BY MR. JUSTICE WALLING, February 10, 1919:

This appeal by defendant is from a judgment for want of a sufficient affidavit of defense in an action of assumpsit on promissory notes. The firm of R. D. Wood & Company of Philadelphia had been in business for many years and in 1911 was composed of three brothers, Walter Wood, Stuart Wood, and George Wood, the defendant. It was then engaged extensively in various enterprises in said city and elsewhere, and owned land and other property in several states. However, differences had arisen between the defendant and his brothers resulting in some litigation; and, through the help of counsel, an adjustment was effected, in the nature of a family settlement, embracing, inter alia, the firm's entire business and the joint interests of the brothers. This was reduced to a written agreement of twelve sections which was executed July 11, 1911. Thereby defendant retired from the firm and assigned his interest therein

and in its enterprises to his brothers, who released him from further liability in connection therewith, and all pending litigation was discontinued. This settlement included the conveyances of land in different states, the transfer of bonds, stocks, etc., in various corporations, and the payment of money, releases from personal liability on account of divers business enterprises, etc. In fact it was about as exhaustive as it could well be written.

The firm was interested in the Camden Iron Works, and as a part of this settlement defendant received $90,-000 of the bonds and $44,000 of the preferred stock of the iron works, for which he gave the firm twenty-six non-negotiable promissory notes of $5,000 each and a like note of $4,000. The notes were drawn so that one would mature each sixty days, beginning January 1, 1914, and were placed in escrow to be delivered on receipt of the bonds and stock. The bonds in question were a part of an issue of $800,000 and the mortgage to secure them, as first drawn, embraced the real estate but not the personal property of the Camden Iron Works. Under the advice of counsel it was redrawn so as to embrace both, and attached thereto was a certain affidavit required by the statutes of New Jersey, where the plant was located, in order to be valid as against the personal property. On information that such had been done, the defendant in 1913 accepted the bonds and stock and authorized the delivery of the notes, the first ten of which he paid on or before maturity. It is averred in his affidavit of defense that he learned for the first time in 1915 that prior to the recording of the redrawn mortgage the affidavit had been removed therefrom by Walter and Stuart Wood; and although recorded as a mortgage upon both real and personal property it was not effective as to the latter as against creditors, purchasers and subsequent mortgagees; and that other liens had been placed upon such personal property by Walter and Stuart Wood, which greatly impaired the value and

marketability of the bonds. The mortgage without the affidavit was recorded in May, 1913; plaintiff admits his knowledge thereof in 1915, and avers that thereafter he declined to pay the notes as they matured; but he took no steps to disaffirm the settlement agreement or any part of it until he filed an affidavit of defense to this suit in January, 1918. Therein he asks that so much of the agreement as relates to his purchase of the bonds and stock of the Camden Iron Works be set aside, and also sets up as a counterclaim the amount of the ten notes paid by him prior to the fall of 1915. Meantime Stuart Wood had died and R. D. Wood & Company had passed into the hands of receivers, who brought this suit on eleven of the notes maturing after September, 1915.

Without adopting all of the statements and conclusions in the elaborate opinion of the court below, we are satisfied that judgment was properly entered for want, of a sufficient affidavit of defense. The agreement of 1911 was manifestly intended by the parties as an entire contract embracing an adjustment of all matters between them; and their intention is the controlling factor in such case. Being an entire contract, it must stand or fall as a whole, and defendant cannot set aside one feature while affirming the balance. The purchase of the bonds and stock of the Camden Iron Works was a part of the entire transaction and must be so considered. The settlement as a whole must be regarded as the real consideration for the covenants of each. The facts in the cases cited for appellant, where contracts have been treated as severable, are not similar to those here presented. But, even if the agreement might have been so treated at its inception, it is now too late to repudiate the purchase of the bonds and stock in question. The notes were two years in escrow and the mortgage became a matter of public record in 1913, and thereafter defendant paid ten of the notes and admittedly had personal knowledge of the alleged fraud in 1915, and yet took no steps to repudiate the transaction until 1918.

long after all other branches of the settlement had been consummated. Under all the authorities his application comes too late; for on discovery of the fraud the vendee must promptly elect to rescind the contract, or he will be presumed to have waived the fraud and be bound accordingly. A leading case upon this question is Grymes v. Sanders, 93 U. S. 55, 62, which holds that, "Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." To like effect are Muehlhof v. Boltz, 215 Pa. 124; Dunn v. Columbia Nat. Bank, 204 Pa. 53; Hilliard v. Allegheny, etc., Woodcarving Co., 173 Pa. 1; Andriessen's App., 123 Pa. 303; Acetylene Light, etc., Co. v. Smith, 10 Pa. Superior Ct. 61.

Both the original and supplemental affidavits of defense are also insufficient on the question of defendant's damages. There is no averment as to the amount he was injured by the alleged fraud. His bonds are secured by a mortgage on the realty, and as between the parties also on the personalty, of the Camden Iron Works, and for all that appears they are well secured. And, while there is an averment that subsequent liens have been placed upon the personalty, neither the amount thereof nor to whom payable is stated. So there is nothing to show to what extent if at all the defendant has been damaged.

The assignments of error are overruled and the judgment is affirmed.