# Corporation Funding & Finance Co., Inc., *v.* Stoffregen, Appellant.

*Corporations—Stock subscription—Fraud—Waiver.*

1. A subscriber to the stock of an insolvent corporation cannot set up as a defense to an action to recover the amount of the subscription, fraud and misrepresentation, in the procuring of the subscription, where it appears that after the subscriber had discovered the fraud he retained the certificates of stock, and received and retained several dividends thereon amounting to hundreds of dollars.

*Courts—Judges—Orphans' court judge presiding in common pleas—De facto judge—Act of July 19, 1913, P. L. 844.*

2. Where under the Act of July 19, 1913, P. L. 844, an orphans' court judge specially presides in the court of common pleas, his acts will be valid. Even if the act were unconstitutional, he would be a judge de facto, and his acts would be valid irrespective of the constitutionality of the act.

*Appeal—Supreme Court—Question not raised below.*

3. If objection to the right of the judge to preside, is not made in the common pleas, it cannot be made in the appellate court.

Argued Feb. 17, 1919. Appeals, Nos. 18 and 19, Jan. T., 1919, by defendants, from judgment of C. P. Schuylkill Co., Jan. T., 1911, Nos. 142 and 143, on verdicts for plaintiff in cases of Corporation Funding & Finance Co., Inc., v. Laura C. Stoffregen, Executrix of Louis Stoffregen, deceased, and Laura C. Stoffregen. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit to recover stock subscriptions. Before WILHELM, P. J., specially presiding.

Verdict and judgment for plaintiff for $4,033.05 against Laura C. Stoffregen, Executrix of Louis Stoffregen and against Laura C. Stoffregen for $4,870. Defendants appealed.

*Errors assigned* were in giving binding instructions for plaintiff.

*Edmund D. Smith* and *James B. Reilly,* with them *John F. Whalen,* for appellants.—The act of assembly, under which the judge exercised judicial function in the case, is unconstitutional, as violating Section 15 of Article V, of the Constitution: Livingston's App., 88 Pa. 209.

Assuming for the sake of argument that the act in question is constitutional, it does not attempt to confer general power of a common pleas judge on the orphans' court judge invited by the president judge of the common pleas in the latter's court, but over only such matters or issues as may be certified by the judge of the common pleas to the invited judge. That is, an orphans' court judge cannot take cognizance of the general routine business of the common pleas, but can hear and determine only those "certified according to the provisions of the second section of this act": Livingston's App., 88 Pa. 209.

Assuming again that the Act of 1913 is constitutional and that the actions were properly certified to the judge specially presiding, he was without authority to enter the final judgment: Lewis v. Penna. R. R., 220 Pa. 317.

The case should have been submitted to the jury: Pittsburgh v. Ihrig, 256 Pa. 410; Kohler v. Pennsylvania R. R. Co., 135 Pa. 346; Platz v. McKean Twp., 178 Pa. 601; Todd v. Phila. & Reading Ry. Co., 201 Pa. 558; Jones v. Lehigh & New England R. R. Co., 202 Pa. 81; Ely v. Pitts., Cin., Ch. & St. L. Ry., 158 Pa. 233; Zillic v. Minnich, 67 Pa. Superior Ct. 122; Reel v. Elder, 62 Pa. 308; Barnett v. Becker, 25 Pa. Superior Ct. 22; Edwards v. Woodruff, 25 Pa. Superior Ct. 575; Newman v. Bullskin Twp., 28 Pa. Superior Ct. 170; Dinan v. Supreme Council, etc., Assn., 210 Pa. 456; Holland v. Kindregan, 155 Pa. 156; Dalmas v. Kemble, 215 Pa. 410; Perkiomen R. R. Co. v. Kremer, 218 Pa. 641; Fry v. Nat. Glass Co., 219 Pa. 514; Newman v. Romanelli, 244 Pa. 147; Lindemann v. Pittsburgh Rys. Co., 251 Pa. 489; Nydes v. Royal Neighbors of America, 256 Pa. 381.

*Joseph R. Dickinson,* with him *A. D. Knittle,* for appellee.—The Act of 1905 is constitutional: Morgan v. Reel, 213 Pa. 81.

The defendants offered no sufficient evidence to defeat plaintiff's right of recovery and there was no error in directing verdicts for plaintiff on the written and documentary evidence: Howard v. Turner, 155 Pa. 349; Lare v. Westmoreland Specialty Co., 155 Pa. 33; Hilliard v. Allegheny Geometrical Wood Carving Co., 172 Pa. 1; Fowler v. Meadow Brook Water Co., 208 Pa. 473; Howard v. Stillwagan, 232 Pa. 625; Marles Carved Moulding Co. v. Stulb, 215 Pa. 91.

OPINION BY MR. JUSTICE WALLING, March 24, 1919:

These two actions on promissory notes given for corporate stock grow out of the same transaction and will be considered together. At the time in question plaintiff was a Delaware corporation, duly registered in Pennsylvania with offices at Reading, and its principal business was financing and promoting the Reading Mutual Life Insurance Company, although it sold stock of another corporation known as the Reading Life Insurance Company. In the summer of 1910, at the solicitation of plaintiff's agents, the defendant, Laura C. Stoffregen, and Louis Stoffregen, her father, made purchases of plaintiff's own stock and also stock of the last-named insurance company, for which they severally gave the notes in question. The companies whose stocks were so purchased became insolvent and were placed in the hands of receivers; meantime these suits were brought, and upon the death of Louis Stoffregen his executrix, Laura C. Stoffregen, was substituted upon the record, and will be referred to as defendant in both cases. It was contended for the defense that the notes were executed upon the faith of a contemporaneous parol agreement to the effect that they were taken as a matter of form and payment thereof would never be required, as the stock would be paid for out of its own dividends in less than four years.

It was also contended that plaintiff's agents made such false and fraudulent statements with reference to the assets, financial ability and property of the corporations in question as to vitiate the sale of the stock, and that defendants sought to return the same and rescind the contracts. The trial court directed verdicts for plaintiff for the full amount of the notes; and from judgments entered thereon defendant brought these appeals. We find no error in the record.

The alleged parol agreement depends upon the somewhat indefinite testimony of the defendant and is not sufficient to prevent recovery upon the notes: Ziegler v. McFarland, 147 Pa. 607; Fuller v. Law, 207 Pa. 101; Marles Moulding Co. v. Stulb, 215 Pa. 91; Streator v. Paxton, 201 Pa. 135; Phila. & Del. County R. R. v. Conway, 177 Pa. 364.

Soon after the purchase of the stock defendant's suspicions became aroused and she went to Reading, her home being in Schuylkill County, and made an investigation which disclosed the facts upon which she bases her allegations of fraud. This was in the fall of 1910, and, at that time or soon after she discussed with plaintiff's officers, both personally and through her counsel, the matter of rescinding the contracts, but no agreement was reached. It does not appear that she made a specific tender of the stock in question and demand of the notes given therefor. Her father had previously purchased stock from plaintiff for which he had paid over $5,000, and that transaction was coupled with the proposed adjustment. After defendant had full knowledge of the alleged fraud and after the attempted settlement and the bringing of these suits, defendant and her father retained the stock in question and received and retained several dividends thereon amounting to hundreds of dollars. Conceding, but not deciding, that the evidence of fraud was sufficient to take the cases to the jury, we are clearly of the opinion that the retention of the stock and the acceptance of dividends thereon with knowledge of all the

facts constitute a waiver of the fraud and a ratification of the contracts. The rule is well settled that to rescind a contract for fraud a party must do so promptly on its discovery, otherwise the fraud will be waived and the contract valid. See Walter Wood, etc., v. George Wood, 263 Pa. 521 (decided at this term), and cases there cited; also Gibson v. Western N. Y. & Penna. R. R. Co., 164 Pa. 142; Leaming v. Wise, 73 Pa. 173; Negley v. Lindsay, 67 Pa. 217. It is the retention of the stock and the receipt of dividends thereon that constitute a waiver of the fraud, without reference to the question as to whether the dividends were properly declared. See Hilliard et al. v. Allegheny, etc., Wood Carving Co., 173 Pa. 1.

We do not deem it necessary to discuss the question as to the validity of the purchase of the stock because of the rights of other stockholders or creditors of the corporations.

These suits were brought in the Court of Common Pleas of Schuylkill County and tried before the president judge of the orphans' court of that county, specially presiding. This was authorized by the Act of July 19, 1913, P. L. 844. The court had jurisdiction of the parties and the subject-matter and the judge was acting pursuant to statutory authority and was at least a de facto judge, whose acts are valid without reference to the constitutionality of the statute: Ball v. United States, 140 U. S. 118; In re Manning, 139 U. S. 504; Lillie v. Trentman, 130 Ind. 16; The People v. Bangs, 24 Ill. 184. In Livingston's App., 88 Pa. 209, the proceedings were held void because there was no statute authorizing a judge of the Orphans' Court of Allegheny County to hold court in Washington County, where there was no separate orphans' court and where the law required such court to be held by a judge of the court of common pleas. Moreover, the right of the judge to preside in the present case was first raised in this court and came too late. It is not a question of the court's jurisdiction of the subject-matter, but of the right of a particular judge to preside in that

court and the objection as to him is considered waived if not promptly made: 23 Cyc. 616; Greenwood v. State, 116 Ind. 485. The same is true as to the alleged lack of a formal certificate from the president judge of the court of common pleas.

The assignments of error are overruled and the judgments are affirmed.