## Automobile Finance Co. *v.* Rosenheim et al., Appellants.

*Sales—Stock sales—Rescission—Return of consideration—Affidavit of defense—Insufficiency.*

Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred.

One who purchases the stock of a corporation and agrees to pay for it out of commissions earned for the sale of other stock of the corporation, cannot defend a suit for the balance of the purchase price on the ground that the company had entered into certain transactions which greatly impaired the value of the stock he was to sell, unless he has offered to return the stock he purchased and demanded the purchase price already paid. He cannot keep his stock and refuse to pay for it.

In an action for the purchase price of stock an affidavit of defense is insufficient which, alleging fraud as a defense to the plaintiff's claim, does not aver a rescission of the contract or a return of the stock. The defendant having elected to affirm the contract is bound to comply with its terms.

Argued October 7, 1919. Appeals, Nos. 48, 49 and 51, Oct. T., 1919, by defendants, from judgment of C. P. No. 3, Phila. County, June T., 1918, Nos. 536, 537 and 538, in the cases of Automobile Finance Company v. Harry T. Rosenheim, John E. O'Brien and Harry J. Hogg. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit under written contract for sale of stock. Before FERGUSON, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the opinion of the Superior Court. The court made absolute the rule. Defendants appealed.

*Errors assigned* were the orders of the court.

*Albert T. Bauerle,* for appellants.—The defendants were entitled to rescind the contracts because of fraud: Shisler v. Vandike, 92 Pa. 447; Smith v. Webster, 2 Watts 478; Eagan v. Call, 34 Pa. 236; McDowell v. Meredith, 4 Wharton 311; Riegel v. American Life Ins. Co., 153 Pa. 134.

The contracts were severable: Fullmer v. Poust, 155 Pa. 275; McLaughlin v. Hess, 164 Pa. 570; Crawford v. McKinney, 165 Pa. 605; Morgan v. McKee, 77 Pa. 228.

*George J. Edwards, Jr.,* for appellee.—Having elected to affirm their contracts, the defendants could make an allegation of fraud as a defense to the action: Robinson v. Coal Mining Co., 58 Pa. Superior Ct. 136; Zeller v. Haupt, 41 Pa. Superior Ct. 647; Howard v. Turner, 155 Pa. 349; Dunn v. Columbia Nat. Bank, 204 Pa. 53; Bristol Iron & Steel Co. v. Selliez, 175 Pa. 18.

OPINION BY TREXLER, J., February 28, 1920:

The plaintiff's claim was founded upon the following written contract:

"Philadelphia, Pa., March 22, 1917.

"GENTLEMEN:

"I hereby agree to purchase 100 shares of the 7% Cumulative Preferred Stock of the Automobile Finance Company, at $10.00 per share, and enclose $250.00, and agree to pay the balance from commissions of Ten (10%) percent from stock sales.

"It is understood that this stock is full paid and non-assessable, and dividends are to accrue from date of final payment. Also, that I am to receive a bonus of Common Stock equal to one-half of the above Preferred Stock,

also a further bonus of One Hundred (100%) percent of Common Stock when preferred as and when fully paid as a directors bonus.

"(S) HARRY T. ROSENHEIM."

The defendant, in his affidavit of defense states that since August, 1917, he could not conscientiously recommend the said stock to any prospective purchaser, and that he, therefore, could not for the present sell any of it. His reason, as he sets forth, is that he in company with other directors of the plaintiff company, became possessed of certain information that 20,000 shares of stock of the plaintiff company were illegally transferred to the Central Security Company without consideration, and that a bill in equity had been filed in the Delaware courts, praying for the return of the said shares of stock of the plaintiff company, that the demurrer which had been filed against the bill had been dismissed, and that the defendant was awaiting the final decision of said cause before attempting to make any further sales. The court entered judgment for want of a sufficient affidavit of defense. The reason assigned for the entry of judgment by the learned court below, is that the defendant having elected to affirm the contract, is bound to comply with its terms. It will be noticed that, the agreement is for the purchase of preferred stock, that in no place of the affidavit of defense is the allegation that issuing of the preferred stock has been made the subject of any inquiry, nor has its legality been questioned.

The statement of claim avers that defendant refused on July 12, 1917, to make any further sale of said preferred stock, and refuses to pay the balance due under said contract. This statement is not categorically denied by the defendant. When defendant was put in the position that he could not conscientiously recommend the purchase of said stock to prospective purchasers, the course open to him was to repudiate the contract and return the stock. He could not retain the subject-matter of the contract, and at the same time allege its fraudulent character.

The following authorities are in point: Robinson v. Listonburg C. M. Co., 58 Pa. Superior Ct. 136; Zeller v. Haupt, 41 Pa. Superior Ct. 647; Howard, Receiver, v. Turner, 155 Pa. 349, and Dunn v. Columbia Nat. Bank, 204 Pa. 53. Thus in Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61, the defendant had subscribed for 100 shares of stock. When sued for a balance due, his defense was that the subscription was induced by means of fraud, and this court, speaking through W. D. PORTER, J., stated: "If plaintiff was guilty of the alleged fraud, the defendant, upon discovering it, had an undoubted right to rescind the contract, and upon tender of the stock to demand the return of the price paid for it; but it was his duty to act promptly and, in case he elected to rescind, notify the plaintiff without delay." A later case is Wood v. Wood, 263 Pa. 521, where Grymes v. Sanders, 93 U. S. 55, 62, is quoted, "Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." We think the court was right in entering judgment.

The judgment is affirmed.