## McEvoy *v.* M. Samuels & Sons., Inc., Appellant.

*Contract—Fraud—Voidable contract—Rescission — Acceptance of consideration—Inspection.*

1. A contract secured by fraud is voidable only at the option of the injured party who must act at once on the discovery of the fraud, or he waives it.

2. A vendor cannot affirm the contract as to the consideration he received and refuse to deliver the property sold. If he fails to rescind it promptly because of fraud, he affirms it in its entirety.

3. A vendee, with full opportunity of inspection before purchase, cannot avoid the contract because of the quality of the goods, and a vendor does not occupy a more favorable position.

4. A written contract may, upon a proper showing, be reformed to correspond with the actual agreement of the parties, but the courts cannot change the contract so as to embrace an entirely different lot of property not in contemplation of either party.

Argued April 10, 1923.    Appeal, No. 276, Jan. T., 1923, by defendants, from order of C. P. No. 5, Phila. Co.,

March T., 1922, No. 7721, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John C. McEvoy v. M. Samuels & Sons, Inc., a foreign corporation, DeNeal Samuel and United States Shipping Board Emergency Fleet Corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Replevin for a quantity of steel.

Rule for judgment for want of a sufficient affidavit of defense. Before MARTIN, P. J., and MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Rule absolute, opinion by MARTIN, P. J. Defendants appealed.

*Error assigned,* inter alia, was order, quoting record.

*Morris Wolf,* with him *John M. Patterson, Gordon A. Block* and *Henry W. Schorr,* for appellants, cited: Crelier v. Mackey, 243 Pa. 363, 366; Bank v. Tustin, 246 Pa. 151, 154; Noel v. Kessler, 252 Pa. 244; Bartle v. Vosburg, 3 Grant 277; Cook v. Liston, 192 Pa. 19; Safe Deposit & Trust Co. v. Coal & Coke Co., 234 Pa. 100.

*C. S. Wesley,* of *Tustin & Wesley,* with him *G. A. Troutman* and *J. W. McWilliams,* for appellee, cited: Commercial Car Co. v. Murphy, 275 Pa. 105; Beetem v. Burkholder, 69 Pa. 249; Schofield v. Shiffer, 156 Pa. 65; Mahaffey v. Ferguson, 156 Pa. 156; Electric Light Co. v. Poor Dist., 21 Pa. Superior Ct. 95; Boyce v. Fire Ins. Co., 24 Pa. Superior Ct. 589.

OPINION BY MR. JUSTICE WALLING, April 30, 1923:

On February 21, 1922, the United States Shipping Board sold DeNeal Samuel one hundred and five thousand net tons of fabricated and partially assembled steel, located at Hog Island, Philadelphia; the contract for which he assigned one week later to the defendant,

M. Samuel & Sons, Inc. The steel was in separate piles called "lots," and, on March 22, 1922, the defendant entered into a written contract for the sale of lot No. 6 to John C. McEvoy, the plaintiff. The last named contract describes that lot as consisting of approximately 8,928.6 gross tons of built-up members and as being located from the south side of track No. 24 to the north side of track No. 27 and from southeast to southwest ladder tracks, and says, "The intent of the above description of steel is to include all steel in lot No. 6, irrespective of shape or condition located between the above-mentioned tracks." The contract stipulates that the buyer (plaintiff) has personally inspected the material and buys it "as is" and "where is," without representation or warranty by the seller. Plaintiff paid the consideration amounting to $91,518 and, by the contract, title to the steel thereupon vested in him. On April 1, 1922, defendant wrote plaintiff acknowledging receipt of the balance of the consideration, and declaring that, "title to the material described as lot No. 6 and referred to above is hereby vested in you." This was accompanied by an order on the shipping board for a removal of the property, which order describes the location of the property and intent of the parties the same as the contract; but on April 20, 1922, defendant wrote the shipping board revoking the order for delivery of the steel, which prevented plaintiff from obtaining same and thereafter he brought this writ of replevin. Defendant filed a counterbond, retained the property and filed an affidavit of defense in answer to plaintiff's statement of claim; thereupon plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the trial court made absolute, and defendant appealed.

There were in lot No. 6 two kinds of steel plates or bars—fabricated and nonfabricated; the former, being bolted or riveted together, was worth $1.75 per ton less than the latter. Defendant's contention is that plaintiff fraudulently represented to it that there was only about

one hundred tons of the nonfabricated steel in lot No. 6, whereas in fact a large majority of it was of that character, while lot No. 7 was largely fabricated steel, which plaintiff must accept in satisfaction of his contract. This contention is untenable; defendant sold all the steel in lot No. 6 and none in lot No. 7; if defrauded, its duty was to rescind the contract promptly on discovery of the fraud and tender back the consideration: Muehlhof v. Boltz, 215 Pa. 124; Beetem v. Burkholder, 69 Pa. 249. A contract secured by fraud is voidable only at the option of the injured party who must act at once on discovery of the fraud or he waives it: Commercial Car Co. v. Murphy & Sons, 275 Pa. 105; Corporation F. & F. Co. v. Stoffregen, 264 Pa. 215, 219; Wood. v. Wood, 263 Pa. 521, 526; Mahaffey v. Ferguson, 156 Pa. 156; Schofield v. Schiffer, 156 Pa. 65. Here defendant has taken no steps to rescind the contract but on the contrary retains the consideration, refuses to deliver the property and insists that plaintiff must accept in its place other steel entirely aside from that covered by the contract; this cannot be done. A vendor cannot affirm the contract as to the consideration he received and refuse to deliver the property sold. By failing to rescind, defendant affirmed the contract in its entirety.

Again, defendant, as owner of the property in lot No. 6, had at least equal opportunity with plaintiff to ascertain its real character; the situation was open to both. Under such circumstances the seller's complaint that he was misled as to the character of his own wares cannot prevail: see 23 R. C. L. 330. A vendee, with full opportunity of inspection before purchase, cannot avoid the contract because of the quality of the goods (Farnsworth v. Duffner, 142 U. S. 43; Mahaffey v. Ferguson, supra), and a vendor certainly does not occupy a more favorable position.

Defendant's contention that the contract should be reformed is also untenable. True, the written evidence of a contract may, upon a proper showing, be reformed to

correspond with the actual agreement of the parties (Cook v. Liston, 192 Pa. 19; Boyce v. Fire Ins. Co., 24 Pa. Superior Ct. 589), but how can it be reformed here so as to change the property sold from lot No. 6 to lot No. 7, when both parties had in mind the former and neither the latter? It is not suggested that the negotiations contained a word as to lot No. 7, or that either party had it in mind. On payment of the consideration, the title passed to the property which both parties intended and which was embraced in the written contract, and that was lot No. 6. Assuming plaintiff misrepresented the character of this property, it would not warrant a change of the contract so as to embrace an entirely different lot of property not in contemplation of either party. To so change it would be to make a new contract for the parties, which even equity cannot do (Boyce v. Fire Ins. Co., supra); therefore, defendant can obtain no relief by reformation of the contract.

By leave of the trial court, an amended affidavit of defense was filed after the rule for judgment was made absolute; while more in detail, it does not change the legal status of the case nor present a valid defense; hence, we are not called upon to decide what effect could or should be given to a supplemental affidavit of defense presented after judgment was entered for fatal defects in the original.

The assignments of error are overruled and the judgment is affirmed.