# McConnellsburg Water Co. v. Taylor

*John W. Mentzer,* for plaintiff; *John P. Sipes,* for defendant.

McPHERSON, P. J., June 12, 1934.—This is a bill in equity brought to have a certain contract made between the plaintiff and defendant on or about August 21, 1915, declared null and void, the money paid thereunder by the plaintiff to defendant annually from the date of the contract to the present time ordered returned, the defendant to be restrained from collecting a judgment recovered by him against the plaintiff for money due under the contract to January 1, 1934, and from asserting any further claim under said contract in any court of law.

It is alleged that the contract was made under a mutual mistake of fact as to the title of the defendant to a certain tract of land to which the contract related; and that the mistake was discovered by the plaintiff shortly before filing its bill, when it secured information that the defendant had no title to the land in question but that the same was in Emma Strite. It is asserted that the title was established by an action of trespass brought by said Emma Strite against the plaintiff in the fall of 1921, to no. 18, January term, 1922, which was tried on March 21, 1922, and a verdict rendered for the plaintiff against the defendant which was subsequently reduced to judgment. At the trial of this action, *McConnellsburg Water Company, as defendant, did not appear to defend.*

The defendant herein has filed preliminary objections to this bill, in which he alleges that the plaintiff, as shown by the allegations of its bill, is guilty of such laches as would debar it from any action in equity and from the relief it seeks.

After considering the contents of the bill and the argument of counsel, we are of opinion that the contention of the defendant is correct and the bill should be dismissed.

The contract in question was made August 21, 1915, and plaintiff acted thereunder and entered into the rights secured to it by the contract. In September 1915, it was notified that the land was owned by Emma Strite but paid no attention to the notice except to talk with the defendant, who insisted he held the legal title to the land. No further investigation by plaintiff was then made of questions of title, but payments under the contract were made annually to the defendant.

In face of the suit in trespass brought by Emma Strite against the plaintiff and a recovery thereon against it, no question as to the defendant's title was raised by the plaintiff until the present action, but plaintiff continued to pay to the defendant annually the payments called for by their contract.

Construing the allegations of the bill most favorably to the plaintiff, it had knowledge that the title to the land in question was not in the defendant as early as 1922, when judgment was recovered against it by Emma Strite, but with that knowledge it continued to recognize the validity of the contract in question and to pay to the defendant money annually due thereunder.

"He who would rescind a contract by reason of fraud must act promptly (Grymes v. Sanders, 93 U. S. 55, 62; Wood v. Wood, 263 Pa. 521, 526; Hilliard et al. v. Wood Carving Co., 173 Pa. 1; Dunn v. Columbia Nat. Bank, 204 Pa. 53; Muehlhof v. Boltz, 215 Pa. 124; Automobile Finance Co. v. Rosenheim, 73 Pa. Super. Ct. 546), and when facts are not disputed the question of an unreasonable delay is one of law: Leaming et al. v. Wise, et al. 73 Pa. 173; Morgan v. McKee, 77 Pa. 228; Spiegelberg v. Karr, 24 Pa. Super. Ct. 339; Scale Co. v. Woodward, 29 Pa. Super. Ct. 142; Acetylene Co. v. Smith, 10 Pa. Super. Ct. 61. A contract induced by fraud is valid unless the party defrauded elects to rescind it within a reasonable time: Howard, Receiver, v. Turner, 155 Pa. 349, 357.

"In Smith v. Clay (3 Bro. C. C. 639 n.) Lord Camden said (1787): 'A court of equity which is never active in relief in matters against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith and reasonable diligence; where these are wanting the court is passive and does nothing. Laches and neglect are always discountenanced, and therefore, from the beginning of this jurisdiction, there was always a limit to suits in this court' ": Kinter v. Commonwealth Trust Co., Exec., et al., 274 Pa. 436, 439.

This long sleep on its rights constitutes laches on the part of the defendant, and the payments from 1922 to at least 1932, after knowledge resulting from the suit of Emma Strite and judgment thereon, constitute an affirmance of the contract and a waiver of the plaintiff's right to rescind the contract on the ground of a mistake of fact: Restatement of Law of Contracts, sec. 484; Corporation Funding & Finance Co., Inc., v. Stoffregen, 264 Pa. 215.

And now, June 12, 1934, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows: That the bill be dismissed at the cost of the plaintiff.