Margaret NEEFF, Plaintiff-Appellant,

v.

EMERY TRANSPORTATION COMPANY (an Ohio Corporation) and Midwest Transfer Company of Illinois (an Illinois Corporation), Defendant-Appellees.

No. 4, Docket 26097.

United States Court of Appeals Second Circuit.

Argued Sept. 27, 1960.

Decided Dec. 6, 1960.

 

Abraham Feuerstein, New York City (Di Costanzo & Klonsky, Brooklyn, N. Y., on the brief), for plaintiff-appellant.

Cusack, Shumate & Geoghan, New York City (William L. Shumate, New York City, on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, and TUTTLE * and FRIENDLY, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal complains of the summary dismissal of the plaintiff's personal injury suit on the ground that the pleadings did not include any allegation by the plaintiff that could be the basis of setting aside a release pleaded by the defendants. The appellant here strongly urges that the court erred in not permitting her to file an amendment attacking the release for fraud, overreaching or mutual mistake of fact, after the court had announced its opinion that the suit should be dismissed but before an order of dismissal was actually entered.

The plaintiff's pleadings before the court consisted of a complaint, filed on December 2, 1954, and an amended complaint filed on April 9, 1958. These complaints alleged that the plaintiff, a New York resident, was injured in an automobile accident in Pennsylvania on September 2, 1953, resulting from the negligence of the defendants. The defendants denied the allegations of negligence and alleged as a bar to the action that on September 22, 1953, in Pennsylvania, the plaintiff had, for a good and valuable consideration, executed a complete release; that "said plaintiff duly acknowledged satisfaction of all claims and demands whatsoever on account of or rising out of said occurrence, and further acknowledged that she was fully informed of the contents of the aforesaid general release and signed it with full knowledge of its meaning; that the said Margaret Neeff has at all times retained and continued to retain the consideration paid to her for said release and has not returned or

---

* Of the Fifth Circuit, sitting by designation.

tendered said consideration back to the defendants, all of which the defendants now plead as a bar to this action."

The plaintiff did not plead in reply to this defense of release. She was not required to do so in order to reserve her right to require the defendants to prove the fact of the execution of the release and of the retention of the consideration. Rule 8(d), F.R.Civ.P., 28 U.S.C.A., provides in part: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Rule 7(a) provides that no reply to such an affirmative answer shall be allowed except by order of court requiring a reply. Thus, the pleadings were in such a posture when the trial court came to consider the defendants' motion to dismiss as would permit the plaintiff to introduce evidence on the trial either to deny the execution of the release or to avoid its effect. See Cities Service Oil Co. v. Dunlap, 5 Cir., 101 F.2d 314, reversed on another ground 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196. Neither the appendix nor the brief of the appellees hints at any stipulation or concession made prior to, or at, the hearing on the motion to dismiss that deprived the plaintiff of her right to insist on proof of this affirmative defense.

■ The defendants' principal contention in the trial court, renewed here, is that this release was a Pennsylvania contract, the validity and construction of which was to be determined by Pennsylvania law; that under Pennsylvania decisions, the failure of the plaintiff to tender the consideration to the defendants constituted a ratification of the release if it was found to be vulnerable, and that the release therefore stood as a bar to recovery. This argument, made in support of a motion to dismiss, had the fatal defect of overlooking, as the trial court did, the fact that neither the execution of the release nor the acts sufficient to work a ratification of it, if vulnerable, were proved, as they must be in the then state of the pleadings.

The trial court said in its opinion of June 19, 1959:

"The difficulty with the plaintiff's position in the case at bar is that her complaint is barren of such allegations. The result is that the only issue raised by the pleadings, pertaining to the release, is whether the release was executed and delivered and the consideration paid. Inasmuch as that claim is not now controverted, the release stands as a complete bar to the action."

The court erred in stating that the issue pertaining to the release "is not now controverted." The issue *was* controverted in law, and in such a way as made permissible the introduction by the plaintiff of her proof to "avoid" the affirmative defense. See Moore's Federal Practice, Second Ed., Vol. 2, pp. 1700–1701.

■ Nevertheless, whether or not the pleadings were such as would permit the plaintiff to avoid the defense of release by producing evidence of fraud or mutual mistake, she here filed a motion tendering an amendment to her complaint to allege as follows:

"15. (b). That heretofore a release had been obtained by the attorney or representative of the defendants by means of fraud, overreaching or a mutual mistake of fact, which release in the sum of $600.00 is void and voidable, should be set aside and not considered, except as a setoff to the damages hereinafter demanded."

The refusal of the trial court to allow the plaintiff to amend her complaint violates the "when justice so requires" clause of Rule 15, F.R.Civ.P. When the court determined, on motion to dismiss the complaint, that the plaintiff should have pleaded an anticipatory reply to an affirmative defense (which we think was not correct under the "short and plain" provision of Rule 8(a)), the refusal of a request to remedy by amendment what it found to be a defect was error. See Downey v. Palmer, 2 Cir., 114 F.2d 116. In that case, in response to an action for statutory liability of a bank stockholder the defendants pleaded release; the plaintiff then filed a reply asserting that the release had been obtained by fraud. The

trial court held that the statute of limitations had barred the statutory action, and dismissed the suit without prejudice to the plaintiff's right to file an action to cancel the release on the ground of fraud and for damages resulting from the fraud. This Court held that the court should not have dismissed the action, but should have given the plaintiff an opportunity to amend the complaint to attack the release. We think this same procedure should have been followed here.

In their briefs here the parties raise the question as to the applicability of the New York statute eliminating the requirement that a tender of the consideration be made before the release can be attacked. We agree with the trial court in deciding that Section 112–g of the New York Civil Practice Act[1] controls, and that in the Federal District Court sitting in New York a plaintiff who has received benefits from execution of a release need not tender back the benefits as a condition to the filing of a suit for the injury. Ciletti v. Union Pacific Railroad Co., 2 Cir., 196 F.2d 50.

The defendants claim, however, that the New York courts would not decide the case on the basis of § 112–g alone. They maintain that New York, while not requiring tender as a condition precedent to suit, would look to Pennsylvania law to determine whether the claim of fraud or mutual mistake was barred by reason of the plaintiff's failure promptly to rescind; that the Pennsylvania courts would hold that the plaintiff's inaction on these facts amounted to a ratification; and that the dismissal was, therefore, proper. Under the rule of Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, it will be

necessary for the trial court on remand to make the initial decision whether the New York courts would look to Pennsylvania law to determine these questions.

Likewise, we do not now decide what the Pennsylvania law is with respect to the validity of the release, including the questions of possible ratification or estoppel. The facts remain to be developed on a full hearing after the pleadings are amended. If the court finds that Pennsylvania law governs, then the question whether the facts would require or permit a decision that under the law of that state the plaintiff was barred for not moving to repudiate or set aside the release must first be determined by the trial court and jury.

We suggest, however, that even under the Pennsylvania decisions cited by the defendants there must be a finding that there has been a discovery of the facts on which rescission could be based and a failure "promptly" to rescind the agreement. See Wood v. Wood, 263 Pa. 521, 106 A. 887; Corporation F. & F. Co. v. Stoffregen, 264 Pa. 215, 107 A. 727. In the recent case of Rose v. Rose, 385 Pa. 427, 123 A.2d 693, 697, the Pennsylvania Supreme Court may have relaxed somewhat the rule of "prompt" rescission. In a case dealing with the setting aside of a property settlement agreement (not a release of personal injury liability) the court held against a plea of laches that it was "reasonable that the plaintiff allowed things to remain as they were until he determined the actual state of facts."

To permit the filing of the amendment and for further proceedings not inconsistent with this opinion, the judgment is Reversed and the case Remanded.

---

I. "§ 112–g. Tender of benefits by party rescinding transaction. A party who has received benefits by reason of a transaction voidable because of fraud, misrepresentation, mistake, duress, infancy or incompetency, and who, in an action or proceeding or by way of defense or counterclaim, seeks rescission, restitution or other relief, whether formerly denominated legal or equitable, dependent upon a determination that such transaction was voidable, shall not be denied relief because of a failure to tender before judgment restoration of such benefits; but the court may make a tender of restoration a condition of its judgment."